IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:06-cv-03130-JES-CHE |
| | ) | |
| vs. | ) | |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

Pursuant to the Court's Text Order of June 26, 2006, notice is hereby given of the filing herewith of the Defendant's Notice to State Court of Removal to Federal Court, with Acknowledgment of Service by Circuit Clerk, attached hereto as Exhibit A; Notice of Removal, attached hereto as Exhibit B, both of which were received and file-stamped by the Circuit Clerk of Montgomery County on June 26, 2006; and Summons and Sheriff's Return and Certification of service on Defendant, showing service on Defendant on May 23, 2006, attached hereto as Exhibit C.

GREENSFELDER, HEMKER & GALE, P.C.


By: /s/Edward S. Bott, Jr.
 Edward S. Bott    #3126866
 Julie L. Waters    #6276127
 Amy L. Blaisdell  #6276380 (Application for General Admission forthcoming)
 10 S. Broadway, Suite 2000
 St. Louis, MO 63102
 T: 314-241-9090
 F: 314-241-3643
 esb@greensfelder.com
 jlw@greensfelder.com
 apb@greensfelder.com

ATTORNEYS FOR DEFENDANT BRAKE PARTS INC., IMPROPERLY NAMED IN THE COMPLAINT AS "AFFINIA BRAKE PARTS, INC."

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following: Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL 62056.

/s/Edward S. Bott, Jr.

896548

E-FILED
Wednesday, 28 June 2006 10:14:58 AM
Clerk, U.S. District Court, ILCD



JUN 2 6 2006

MARY WEBB
Circuit Court Clerk
4TH Judicial Circuit

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FRANCES L. DAUGHERTY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AFFINIA BRAKE PARTS, INC., ) <br> ) <br> Defendant. ) | Cause No. 06-3130 <br><br> Removal from the Circuit Court of the 4th Judicial Circuit, Montgomery County, Illinois, Cause No. 06-L-8 |

### DEFENDANT'S NOTICE TO STATE COURT
### OF REMOVAL TO FEDERAL COURT

TO:

Clerk of the Circuit Court of the
Fourth Judicial Circuit
Montgomery County, Illinois

Brake Parts Inc., improperly named in the Complaint as "Affinia Brake Parts, Inc." shows the Court that it has this day filed a Notice of Removal to United States District Court, removing this action to the United States District Court for the Central District of Illinois, Springfield Division, and has attached hereto a copy of the Notice of Removal to United States District Court for the Central District of Illinois pursuant to 28 U.S.C. §§ 1441, 1446, and all other applicable provisions of law. Pursuant to 28 U.S.C. § 1446(d), this effects the removal of the case and the state court may proceed no further unless the case is remanded.

### Acknowledgment of Service by Circuit Clerk

Service of the foregoing Notice to State Court of Removal and a copy of the Defendant's Notice of Removal of this cause is hereby acknowledged this 26 day of June 2006.

By: Mary Webb
    by Barbara Grosenheider

EXHIBIT A

894944v1



E-FILED
Wednesday, 28 June, 2006 10:15:52 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JUN 26 2006

MARY WEBB
Circuit Court Clerk
4TH Judicial Circuit

FRANCES L. DAUGHERTY, )
)
Plaintiff, ) Cause No. 06-3130
)
v. )
) (Removal from the Circuit Court of the
) 4th Judicial Circuit, Montgomery County,
AFFINIA BRAKE PARTS, INC., ) Illinois, Cause No. 06-L-8)
)
Defendant. )

### NOTICE OF REMOVAL

TO:

The Honorable Judges for the
United States District Court for the
Central District of Illinois
Springfield Division

COMES NOW Defendant Brake Parts Inc., improperly named in the Complaint as Affinia Brake Parts, Inc. ("Brake Parts" or "Defendant"), by and through the undersigned counsel, and pursuant to 28 U.S.C. § 1446, and in support of this Notice of Removal states as follows:

1. Plaintiff, Frances L. Daugherty ("Daugherty"), instituted this civil action in the Circuit Court of the 4th Judicial Circuit, Montgomery, Illinois, on or about April 26, 2006.

2. A civil summons and Plaintiff's complaint ("Complaint") were served upon Defendant on or about May 23, 2006.

3. A true and correct copy of all process and pleadings served upon Defendant on May 23, 2006 is attached hereto and marked "Exhibit A" and is incorporated herein by reference.

4. A true and correct copy of the state court file is attached hereto and marked "Exhibit B" and is incorporated herein by reference.


EXHIBIT
B

5.   This action could originally have been filed in this Court, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132, in that Plaintiff seeks damages for conduct related to the alleged denial of group disability insurance benefits under an employee welfare benefit plan. A copy of the Summary Plan Description for the HealthWorks Plan, in which eligible employees of Brake Parts participated, is attached hereto and marked Exhibit C.[1]

6.   This Notice of Removal is timely filed within thirty (30) days after receipt by Defendant of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

7.   The United States District Court for the Central District of Illinois, Springfield Division, is a federal judicial district embracing the Montgomery County Circuit Court, Illinois, where this suit was originally filed. 28 U.S.C. § 93(b). Venue is therefore proper under 28 U.S.C. § 1441(a).

**FEDERAL QUESTION**

8.   Under 28 U.S.C. § 1441(b), claims or causes of action presented in state court proceedings where the district courts of the United States have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removed without regard to the citizenship or residence of the parties.

9.   The allegations contained in the Complaint are, in reality claims to recover long-term and/or short-term disability benefits allegedly due under the terms of an ERISA plan pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). As such, Plaintiff's claims are completely preempted by ERISA. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488, 2495-96 (2004).

---

[1]   The Plan has been divided into three parts due to its size and marked C-1, C-2, C-3. Brake Parts Inc. was purchased from Dana Corporation by AAG OPCO Corp. in November 2004. AAG OPCO Corp. was subsequently renamed Affinia Group Inc. The HealthWorks Plan remained in effect through December 31, 2005.

10. Specifically the following are among the allegations, which make it clear that Plaintiff's Complaint is actually a poorly pled ERISA lawsuit: "Plaintiff . . . began working for Defendant . . .;"[2] "[P]laintiff was qualified to receive benefits under the various employee benefit plans. . . ";[3] Plaintiff's counsel sent letters "requesting she be allowed to fill out a long and short term-disability application";[4] Defendant "refused to process the application" and "with[held] funds properly due and owing the Plaintiff";[5] and Defendant acted unreasonably in denying benefits.[6] In making these allegations, among others, Plaintiff is merely attempting to obscure the federal nature of her claims. By seeking relief in connection with a group disability plan (the "Plan") in which eligible employees of Brake Parts participated, Plaintiff unveils ERISA as the legal foundation for her claims.

11. Since Plaintiff's Complaint seeks to redress a grievance arising under federal law, it is removable to this Court. *Davila*, 124 S.Ct. at 2495 (holding ERISA's civil enforcement mechanism, Section 502(a) has such extraordinary preemptive power that it converts and ordinary state common law complaint into one stating a federal claim); *Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000) ("Even though a complaint may not mention a federal basis of jurisdiction, the complete preemption doctrine "permits 'recharacterization' of a plaintiff's state law claim as a federal claim so that removal is proper."); *Kaucky v. Southwest Airlines, Co.*, 109 F.3d 349, 351 (7th Cir. 1997) ("When federal law creates an exclusive remedy for some wrong, displacing any remedy that the state may have created for it, a suit to redress that wrong necessarily arises under federal law" and is removable even if the plaintiff attempts to base the suit on state law grounds.)

---

[2] Complaint, Count I, para. 3.
[3] Complaint, Count I, para. 4.
[4] Complaint, Count I, para. 14.
[5] Complaint, Count I, paras. 15.1 & 16.
[6] Complaint, Count II, para. 18.

3

12. Plaintiff's state law claims relating to the Plan are completely preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 48 U.S. at 41 (ERISA preempts breach of contract and other claims related to denial of benefits.); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Plaintiff's remedies, if any, are limited to that provided by ERISA's civil enforcement provision, 29 U.S.C. § 1132.

13. Additionally, this action is one over which this United States District Court has jurisdiction pursuant to 28 U.S.C. § 1441(c), for the reason that separate and independent claims or causes of action within the jurisdiction conferred by 28 U.S.C. § 1331 are joined with one or more otherwise non-removable claims or causes of action.

14. In filing this Notice of Removal, Brake Parts does not waive any defense that may be available to it.

### MISCELLANEOUS

15. As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, written notice will be given to Plaintiff and a copy of this Notice will also be filed with the Clerk of the Court for the Montgomery County Circuit Court, Illinois, the Court in which the action was initially filed.

16. If any question arises as to the propriety of the removal of this action, Brake Parts respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

**WHEREFORE**, Defendant Brake Parts Inc. requests that the above action pending against it in the Circuit Court of the 4th Judicial Circuit, Montgomery County, Illinois, be removed therefrom to this Court and proceed in this Court as an action properly removed therein.

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/Edward S. Bott, Jr.
Edward S. Bott    #3126866
Julie L. Waters   #6276127
Amy L. Blaisdell  #6276380 (Application for General Admission forthcoming)
10 S. Broadway, Suite 2000
St. Louis, MO 63102
T: 314-241-9090
F: 314-241-3643
esb@greensfelder.com
jlw@greensfelder.com
apb@greensfelder.com

ATTORNEYS FOR DEFENDANT BRAKE PARTS INC., IMPROPERLY NAMED IN THE COMPLAINT AS "AFFINIA BRAKE PARTS, INC."

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2006, a copy of the foregoing was mailed and faxed to: Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL 62056, facsimile (217) 324-4474.

/s/Edward S. Bott, Jr.

893895v3

IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ILLINOIS

Frances L. Daugherty,           )
                                )
    Plaintiff,                  )
                                )
v.                              )   No.: 06-L-8
                                )
Affinia Brake Parts, Inc.       )
                                )
    Defendants.                 )

## SUMMONS

To each defendant:    Affinia Group, Inc., 1101 Technology Drive, Suite 100,
                      Ann Arbor, Michigan 48108

YOU ARE SUMMONED and required to file answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court, 1 Court House Square, Hillsboro, Illinois 62049, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELEIF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,  April 26, 2006.

(Seal)

_____
Clerk of the Court

_____
Associate Circuit Clerk – Int. Deputy

Name           Peter C. Drummond
Attorney for   Plaintiff
Address        703 W. Union, Suite 3
City           Litchfield, IL 62056
Telephone      217/ 324-2323

Date of service: 5-23-06 , 20 06
(To be inserted by officer on copy left with defendant or other person)

ORIGINAL (White)           Defendant (Yellow)           Plaintiff (Pink)

Clerk of the Circuit Court
Montgomery County, Illinois


EXHIBIT C

## SHERIFF'S RETURN AND CERTIFICATION

I certify that I served this summons on the defendant as follows:
(Check appropriate box and complete information below)

☐ (a) (Individual defendants – personal)
By leaving a copy and a copy of the complaint with the individual defendant personally.

☐ (b) (Individual defendants – adobe)
By leaving a copy and a copy of the complaint at the usual place of adobe of the individual defendant with some person of the family, of the age of 13 years or upwards, informing that person of the contents thereof and also by sending a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the individual defendant at his or her usual place of adobe.

☐ (c) (Corporation defendants):
By leaving a copy and a copy of the complaint with its registered agent or any officer or agent of the defendant corporation.

☐ (d) (Other service):

Name of Defendant _AFFINIA BRAKE PARTS INC_   Name of Defendant _____

Name of other person _Sisceley Banks_   Name of other person _____
Summons left with _Sisceley Banks_   Summons left with _____

Sex _F_ Race _B_ Approx. Age _27_   Sex ___ Race ___ Approx. Age ___

Date of Service _5-23-06 - 12:40PM_   Date of Service _____

Date of Mailing _____   Date of Mailing _____

### SHERIFF'S FEES

Service and Return    $_____
Miles _____         $_____
Total                 $_____

_____, Sheriff of _Washtenaw_ County
By _Ruth Webster_, Deputy _82_

# J. F. MOORE & ASSOCIATES, LLC
# INVESTIGATIVE AND PROCESS SERVICE

**RECEIVED MAY 30 2006**

| Date Entered | Court Case No. | Assigned To | Attorney |
|---|---|---|---|
| 5/22/2006 | 06 L 8 | WEBSTER | Peter C. Drummond |

| Date Served | Time Served | Case Caption |
|---|---|---|
| 5/23/2006 | 1240PM | DAUGHERTY VS AFFINIA BRAKE PARTS, INC |

| Nbr of Docs | Case Number - JF Moore & Assoc. | Type of Document | Return of Service Disposition |
|---|---|---|---|
| 1 | 06—0805—J | C/S | TOT CLIENT |

**Client**
DRUMMOND LAW, LLC

**Client's Address**
703 W. UNION, SUITE 3
P.O. BOX 130
LITCHFIELD, IL 62056

**Client's Telephone Number**
217 324 2323

**Defendant/Witness Names(s)**
AFFINIA GROUP, INC

**Defendant/Witness Address**
1101 TECHNOLOGY DR., SUITE 100
ANN ARBOR, MI 48108

| Billing Date | Mileage |
|---|---|
| 5/24/2006 | $10.00 |

| Service Fee | Standby Time |
|---|---|
| $40.00 | |

| Rush Fee | Deposit |
|---|---|
| | $50.00 |

| Out of County Fee | Subtotal |
|---|---|
| | $50.00 |

| Affidavit Fee | Fee Waived |
|---|---|
| | |

**Address Search Fee**

**Server Notes**

**FILED**
JUN 1 4 2006
MARY WEBB
Circuit Court Clerk
4TH Judicial Circuit

**TOTAL DUE**
$0.00

**Refund**

**Comments/Directions**

FEIN# 38-3447117
Telephone: 734-677-0552; Fax: 734-677-0559
Pager: 734-651-8000

This document serves as your invoice for payment.
Please include the J.F. Moore & Associates Case Number on all checks.

Make all checks payable to
J. F. Moore & Associates, L.L.C., and mail to
P. O. Box 980664, Ypsilanti, MI 48198-0664