E-FILED
Friday, 07 July, 2006 02:23:19 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

**FILED**

JUL 0 6 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 06-3130 |
| | ) | |
| AFFINIA BRAKE PARTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### OBJECTION TO REMOVAL

TO:

The Honorable Judges for the
United States District Court for the
Central District of Illinois
Springfield Division

Now comes the Plaintiff, Frances L. Daugherty, by and through her

attorney, Peter C. Drummond and states that the Plaintiff opposes removal and

in support thereof states as follows:

1. That attached hereto and made a part hereof are a variety of

indexed exhibits setting forth factual allegations in reference to Plaintiff's claim

and pleadings.

2. That attached to Defendant's Notice of Removal was allegedly a copy

of the "Healthworks" plan for "Dana Corporation.

3. That Plaintiff at no time saw that plan nor was it ever provided to her

counsel prior the filing of the removal petition despite requests.

4.   That under federal statutes, ERISA preempts state law when properly invoked to determine whether pension related claims were properly handled.

5.   In this case of whether or not a pension benefit was properly handled was never an issue.

6.   That in the event the employer were to wrongfully manipulate their pension plan or pension benefits, improperly evaluate her disability, mismanage plan assets, or in any other fashion violate the law or spirit of ERISA, jurisdiction would properly be before this Court.

7.   Although the Plaintiff knew in general terms from the "Employee Handbook" that there was some type of plan in existence, she did not know the specifics since the handbook only states under the "General" heading:  "The company has established a well-balanced, comprehensive benefits program. Please refer to your Summary Plan Description for the specifics of your benefits" (Page 15 of the Employee Handbook attached).

8.   The Defendant herein by unilaterally refusing to allow the Plaintiff to physically enter the office of their property, refusing to accept an application for the pension plan, process any application for the pension plan, provide any information or a copy of the actual pension plan does not follow within the ambit of ERISA.

9.  In the event the Plaintiff's application for disability and other benefits were processed and erroneously denied, then and only then, would an ERISA claim arise since at the present time there are no ERISA Plan Benefits at risk.

10.  The individuals who denied Plaintiff the ability to file an application, upon Plaintiff's information and belief, have no connection with the pension plan whatsoever other than being low middle management officials at a local subsidiary factory in Litchfield, Illinois.

11.  Plaintiff feels that the actions of these officials are willful and Intentional, wanton, and are best remedied through trial at the Circuit Court for interference with her third part beneficiary contract Plaintiff had with the pension plan, HealthWorks, itself.

**WHEREFORE,** Plaintiff prays,

1.    That this Court deny removal petition as prayed by Defendant.

2.    For attorney's fees and costs of this suit.

3.    For any other relief that may be just and proper.

DRUMMOND LAW, LLC

By: _____

Peter C. Drummond #1539
703 W. Union Ave., Ste. 3
PO Box 130
Litchfield, IL  62056
T:  (217) 324-2323
F:  (217) 324-4474

ATTORNEY FOR PLAINTIFF
FRANCES J DAUGHERTY

4.  Wear personal protective equipment such as safety glasses, steel-toed or slip resistant shoes, gloves, goggles, face shields, ear plugs, etc. where required.
5.  Only authorized people (i.e. electricians) are permitted to make electrical repairs.
6.  Check any ladder before using it and never use one unless it is free from cracks, broken rungs, and other defects.
7.  Keep floors free of loose material such as scrap parts, boards, nails, etc. Put oily rags, trash and papers in containers provided for that purpose.
8.  Smoking is allowed in designated smoking areas ONLY!
9.  Never use compressed air for blowing dirt or metal chips off hair, face, or hands. Never point a nozzle at anyone.
10. Machine operators should check to make certain that safety devices and guards are in place and in good working order before starting their machine. Never clean, oil, or adjust machine while it is running.
11. Report to your supervisor any dangerous practices, defects in tools, machinery, or other equipment which may cause injury.
12. Learn the specific fire hazards; emergency exit routes; position and use of the nearest fire extinguisher in the department in which you are working.
13. Immediately report ALL plant injuries to your supervisor. Prompt first aid attention may prevent infection or other complications.
14. It is both the fork truck driver (battery operated trucks or carts included) and pedestrian's responsibility to be cautious of each other's path of travel. All fork trucks/battery operated trucks or carts must honk horns randomly.

WORK SAFELY – DON'T TAKE CHANCES!  FAILURE TO FOLLOW PLANT SAFETY RULES WILL RESULT IN DISCIPLINARY ACTION.

## IX. BENEFITS

**A.    GENERAL**

The company has established a well-balanced, comprehensive benefits program. Please refer to your Summary Plan Description for the specifics of your benefits.

**B.    HOLIDAYS**

We recognize the following eleven paid holidays. To be eligible for holiday pay, you must have at least 60 calendar days of continuous company service.

### *RECOGNIZED HOLIDAYS*

| | |
|---|---|
| New Year's Day | Thanksgiving Day |
| Good Friday | Day after Thanksgiving |
| Memorial Day | Christmas Eve Day |
| Independence Day | Christmas Day |
| Labor Day | New Year's Eve Day |
| Shutdown *Holiday* | |

Our shutdown holiday can move depending on where in the week Independence Day falls. It will be aligned to minimize required vacation days for the annual July shutdown.

- March 9, 2005: Letter to Affinia asking for copies of the short and long term disability policy.
- March 14, 2005: response from Affinia indicating they are unable to discuss the claim due to the Health Insurance Portability and Accountability Act of 1996.
- March 21, 2005: Letter to Affinia asking them to please mark the appropriate part of the Act on which they are relying (sent a copy to them with marker to highlight)
- March 29, 2005: response from Affinia: Please have client sign release to give authorization and letter of representation and a list of records you want.
- June 21, 2005: Enclosing information release, letter of representation and copy of prior application filled out by client but that was not processed. Asking for whatever forms necessary to begin processing of claim.
- June 24, 2005: Response from Affinia: have reviewed request and must inform you that Mrs. Daughtery was not eligible for disability plans after termination of her duties on Jan 20, 2005. Enclosed copy of disability plans.
- July 1, 2005: Letter to Affinia: Asking why disability plans were not available to client, need specific reason for why she was not eligible.
- August 18, 2005: Response from Affinia: Explaining that client was paid regular wages as part of separation arrangement during the alleged disability period of Jan. 27 through March 14, 2005. Short-term disability is paid in lieu of regular wages, not addition to. Because there was full income replacement, whether she qualifies for STD is irrelevant.
- August 24, 2005: Letter to Affinia: Asking for copy of STD and LTD plans.

- September 7, 2005: Response from Affinia:
  Explaining that her current salary replacement is
  more lucrative than STD or LTD. Enclosed copy of
  STD plan.

# DRUMMOND LAW OFFICE

| Peter C. Drummond | **Attorneys at Law**<br>703 West Union, Suite 3<br>P.O. Box 130<br>Litchfield, IL  62056 | Thomas Bordenkircher |
|---|---|---|

Phone:    217/ 324-2323
          800/ 842-0426
Facsimile: 217/ 324-4474

March 9, 2005

Stephen Ritchie
Affina
725 McKinley Ave.
Litchfield, IL  62056

     **RE:   Frances Daugherty**
     **SSN:** ████████████

Dear Mr. Ritchie:

     I have been approached by Ms. Daugherty regarding a long-term disability claim she has filed.  Apparently, she was recently released from your facility due to a reduction in force.

     She indicated to me that she had applied for long-term disability after she had been walked out of the factory but before her surgery.  She was informed by you, (Stephen Ritchie), that she was not eligible.

     I see no reason why she would not have been eligible and would request that you provide me with copies of your short and long term disability policy.  I have in my possession a booklet that apparently had been generated by your predecessor, Dana.  A copy of that is enclosed.  I would appreciate receiving this material as soon as possible.  I remain,

               Very truly yours,

               Peter C. Drummond
               Attorney at Law

PCD:bcm
Enclosures
CC:   Frances Daugherty (without enclosure)



**AFFINIA**

RECEIVED

MAR 2 0 2005

Peter C. Drummond

Brake Parts - Litchfield
Affinia Under Vehicle Group
725 McKinley Avenue
Litchfield, IL 62056

217.324.2161 tel
217.324.7495 fax

affiniagroup.com

March 14, 2005

Peter C. Drummond
703 West Union, Suite 3
P.O Box 130
Litchfield, IL 62056

Dear Mr. Drummond:

I received your letter regarding Ms. Daugherty's long-term disability claim. I am not able to discuss Ms. Daugherty's claim due to the Health Insurance Portability and Accountability Act of 1996.

If you should have any questions or concerns, please feel free to contact me.

Sincerely,

Stephen L Ritchie
Human Resource Manager

# DRUMMOND LAW OFFICE

| Peter C. Drummond | **Attorneys at Law** | Thomas Bordenkircher |
|---|---|---|

**Attorneys at Law**
703 West Union, Suite 3
P.O. Box 130
Litchfield, IL 62056

Phone:     217/ 324-2323
              800/ 842-0426
Facsimile: 217/ 324-4474

March 21, 2005

Stephen Ritchie
AFFINA
Human Resource Manager
725 McKinley Ave.
Litchfield, IL 62056

**RE:    Frances Daughtery**

Dear Mr. Ritchie:

I am not trying to be me smart, but if there is some Act under which you are claiming immunity, I would appreciate it if you would designate what portion and/or portions of the Act you are relying upon for not responding.

You mentioned the Health Insurance Portability and Accountability Act of 1996. I don't know if you have a copy of the Act, but I do. you will find it attached. For convenience purposes I have also included a magic marker and a pen. You may mark the appropriate sections you are relying upon, initial them and return them in the self addressed stamped envelope enclosed so that I may review your position. Another alternative might be for your attorney to give a specific reason why no information is forthcoming when I am the attorney of record for the above Claimant.

Please also forward all applications so my client may apply for her disability. I remain,

Very truly yours,

Peter C. Drummond
Attorney at Law

PCD:bcm
Enclosures



**AFFINIA**

**RECEIVED**

APR 0 1 2005

~~Peter~~ C. Drummond

Brake Parts - Litchfield
Affinia Under Vehicle Group
725 McKinley Avenue
Litchfield, IL 62056

217.324.2161 tel
217.324.7495 fax

affiniagroup.com

March 29, 2005

Peter C. Drummond
703 West Union, Suite 3
P.O. Box 130
Litchfield, IL 62056

Dear Mr. Drummond:

Thank you for the information. The HIPAA Privacy Rule protects employee's medical records from being distributed to unauthorized parties. If you would have Ms. Daugherty sign a release giving you authorization, I would be pleased to send you the information. If you would also include the following information, I would greatly appreciate it:

- Signed release from Ms. Daugherty
- Letter of representation of Ms. Daugherty
- A list of records or information that you are requesting

If you should have any questions or concerns, please feel free to contact me.

Sincerely,

Stephen L Ritchie
Human Resource Manager

# DRUMMOND LAW OFFICE

Peter C. Drummond                    **Attorneys at Law**                    Thomas Bordenkircher
703 West Union, Suite 3
P.O. Box 130
Litchfield, IL  62056

Phone:    217/324-2323
800/842-0426
Facsimile: 217/324-4474

June 21, 2005

Mr. Stephen L. Ritchie
AFFINIA
Human Resource Manager
725 McKinley
Litchfield, IL  62056

**Re:    Frances L. Daugherty**

Dear Mr. Ritchie:

In response to your March 29th letter, copy of which is enclosed, you will find:

1.    An information release.
2.    A Letter of Representation of Mrs. Daugherty retaining me.
3.    A copy of a prior application filled out in January but Mrs. Daugherty states she was informed by you that she was not eligible.

I want whatever forms are necessary for Mrs. Daugherty to initiate a short-term/long-term disability claim.

Please advise what additional steps she needs to do in order to begin processing her short-term/long-term disability claim.  I remain,

Very truly yours,

Peter C. Drummond
Attorney at Law

PCD/nas
Enclosures



## AFFINIA

June 24, 2005

Peter C. Drummond
703 West Union, Suite 3
P.O. Box 130
Litchfield, IL 62056

**RECEIVED**

JUL 0 1 2005

Peter C. Drummond

Brake Parts Inc.
Affinia Under Vehicle Group
725 McKinley Ave.
Litchfield, Il 62056

217.324.7470 tel
217.324.7428 fax

rick.Lienau@affiniagroup.com

Dear Mr. Drummond:

Please note that I have replaced Stephen Ritchie as the Human Resources Manager. Should the need arise, future correspondences should be directed to my attention.

I have reviewed your request and must inform you that Brake Part Inc.'s Short-Term Disablitiy and Long Term Disability programs are employee benefits that were no longer available to Mrs. Daughtery upon the termination of her duties effective January 20, 2005. However, for your review I am enclosing a reference copy of the FMLA/Short-Term Disability Application and the Long-Term Disability Application.

Sincerely,

Rick Lienau
Human Resources Manager

# DRUMMOND LAW OFFICE

Peter C. Drummond

**Attorneys at Law**
703 West Union, Suite 3
P.O. Box 130
Litchfield, IL 62056

Thomas Bordenkircher

Phone:    217/ 324-2323
          800/ 842-0426
Facsimile: 217/ 324-4474

July 1, 2005

Rick Lienau
AFFINA
725 McKinley Ave.
Litchfield, IL 62056

     **RE:   Frances Daughtery**

Dear Mr. Lienau:

     I received your letter of June 24, 2005.

     My obvious question is why the short term and long term disability would not have been available to Ms. Daughtery.

     I need a specific answer to this.

     I have reviewed the material that Ms. Daughtery had brought in and quite frankly I don't see why she would not be entitled to it. If you cannot state me a specific reason that is reasonable I will have no choice but to initiate litigation and ask for punitive damages in addition to actual damages. I can assure you that if you do not give me a straight answer that is exactly what I will do. I would strongly suggest that you review this with your legal department before you decide to give me a response such as your predecessor where he referred me generically to a rather obscure Act in access of 165 pages. I forwarded him a copy of the Act along with a highlighter and asked him to specify what portion of the Act he relied upon in refusing my prior request. Please advise at your earliest convenience. I remain,

          Very truly yours,

          Peter C. Drummond
          Attorney at Law

PCD:bcm



**AFFINIA**

RECEIVED

AUG 22 2005

Peter C. Drummond

Steven E. Keller
General Counsel and Secretary
734.827.5430 tel
734.827.5403 fax
steve.keller@affiniagroup.com

Affinia Group Inc.
1101 Technology Drive, Suite 100
Ann Arbor, Michigan 48108

734.827.5400 tel
734.827.5401 fax

affiniagroup.com

August 18, 2005

Peter C. Drummond
Drummond Law Office
703 West Union, Suite 3
P.O. Box 130
Litchfield, IL 62056

Dear Mr. Drummond:

I am writing in response to your letter of July 1, 2005 to Rick Lienau. In your letter you question why Mrs. Daughtery was not entitled to short term disability benefits. As you must know, a short term disability benefit is a benefit that replaces a portion of a person's salary if they become unable to work due to an illness, injury, disease or pregnancy. Absent a short term disability benefit, such a person could be without any income.

In Mrs. Daugherty's situation, she was paid 100% of her regular wages as part of her separation arrangement during the alleged disability period of January 27, 2005 to March 14, 2005. Short term disability benefits are paid in lieu of regular wages, not in addition to regular wages.

Since there was 100% replacement of her pay for this period, whether Mrs. Daugherty qualifies for short term disability benefits is irrelevant. I trust this resolves the matter to your satisfaction.

Sincerely,

Steven E. Keller

# DRUMMOND LAW OFFICE

| | | |
|---|---|---|
| Peter C. Drummond | **Attorney at Law**<br>703 W. Union, Suite 3<br>P.O. Box 130<br>Litchfield, IL  62056 | Phone:  217/ 324-2323<br>800/ 842-0426<br>Facsimile:  217/ 324-4474 |

August 24, 2005

Steven E. Keller
AFFINA
1101 Technology Drive, Suite 100
Ann Arbor, MI  48108

      **RE:    Frances Daughtery**

Dear Mr. Keller:

      Please find enclosed a copy of some document that the Claimant signed when you escorted her out of the factory.  I have no idea what your short-term disability plan provides.  I don't have any idea if you have a long-term disability plan.  I have seen no plan.  Likewise, I have seen no applications.

      If you contend that I have to trust you and take your word for whatever the plan is your wrong.

      I want a copy of the short-term plan.  I want a copy of the long-term plan.  My position is if I had a plan pursuant to the attached document she didn't waive anything even if she did I think this attached document is probably not worth the paper it is printed on.  At any rate, what I want are copies of the long and short-term disability plans and paper that would allow us to initiate application for same if it appears it might be appropriate.

      Obviously what you tried to do is fire all your long-term (usually called older) employees along with Mrs. Daughtery by disguising it as a rough.  Unfortunately, since Mrs. Daughtery is said disabled I probably can't pursue that on that particular issue on her behalf.

      I take the position that some severance pay package that you try to initiate to smooth over firings or terminations is not going to be really good consideration for giving up what might be more lucrative benefits.   I remain,

                  Very truly yours,


                  Peter C. Drummond
                  Attorney at Law

PCD:bcm
Enclosure

January 20, 2005



**AFFINIA**

Memo for Record

RE:  Frances Daugherty

Due to reduced production requirements, Fran's position is being reduced.

Options:

1.    As Fran has held previous hourly positions, she has a path to return.

-    Fran would be placed on layoff effective January 31, 2005.  As we have no vacancies she would be recalled in accordance with our Layoff and Recall Policy using her plant seniority date of May 8, 1981.

2.    Accept the severance packaged offered effective January 31, 2005.

All options require confidentiality and discretion. Any inappropriate behavior would jeopardize these options.

I Frances Daugherty have read and understand the options presented to me and have selected option ___2___ .

_Frances Daugherty_ (signature)
Frances Daugherty

2-1-5
Date

_Stephen Ritchie_ (signature)
Stephen Ritchie
Human Resource Manager

2-1-5
Date

BRAKE PARTS INC.
725 McKINLEY AVENUE, LITCHFIELD, ILLINOIS 62056-0725 TEL: (217) 324-2161  FAX: (217) 324-7495



**AFFINIA**

**RECEIVED**

SEP 1 2 2005

Peter C. Drummond

Steven E. Keller
General Counsel and Secretary
734.827.5430 tel
734.827.5403 fax
steve.keller@affiniagroup.com

Affinia Group Inc.
1101 Technology Drive, Suite 100
Ann Arbor, Michigan 48108

734.827.5400 tel
734.827.5401 fax

affiniagroup.com

September 7, 2005

Peter C. Drummond
Drummond Law Office
703 West Union, Suite 3
P.O. Box 130
Litchfield, IL 62056

Dear Mr. Drummond:

I have your letter of August 24, 2005.

We categorically reject the unsupportable speculation in the fourth paragraph of your letter.

In addition, I am not asking you to trust me. I am suggesting that you trust your own experience in this area and your own knowledge about how disability plans operate. You are mistaken to think that disability benefits are "more lucrative" than the salary continuation payments Ms. Daughtery is receiving as part of her separation package. As I clearly stated in my prior letter, disability benefits are income replacement payments. They are not additive. A person is not entitled to receive salary plus disability benefits. This is true of our plan and, as you must know, of any other short or long term disability plan maintained by any company in the U.S. Ms. Daughtery received her full salary throughout her entire claimed disability period of January 27, 2005 to March 14, 2005. Therefore, no disability benefits are payable.

I had hoped that my prior letter would save your client any additional legal expenses but, since you insist on continuing to pursue this meritless claim, I am enclosing a copy of our short term disability plan for your files.

Sincerely,

Steven E. Keller

# DISABILITY

## SHORT TERM DISABILITY (STD)

Dana provides you with a Short-Term Disability Supplemental benefit of 70% of your base annual pay at no cost to you. Short-term disability replaces a portion of your salary if you become unable to work due to an illness, injury, disease, or pregnancy. The benefit is paid weekly for up to 22 weeks. Generally speaking, there are two parts to a short-term disability benefit: the Basic benefit and Supplemental benefit.

### BASIC:

The Basic benefit continues 100% of your base monthly salary at the time of disability for a number of weeks based on your years of service (see the chart on the next page).

For example, with 8 years of service you would be eligible for up to 11 weeks of basic coverage. The number of days for which you receive 100% coverage is subtracted from the total basic coverage you're entitled to for the year. Say, for example, you have 8 years of service and are off sick 10 days in March and another 5 days in June. Those 15 days would be subtracted from your 11 weeks of 100% coverage.

The basic benefit is an annual allotment. So, if you become disabled and receive basic benefits, the number of weeks for which you received the benefit will be subtracted from your total for the year.

Basic benefits are generally renewed on the first day of each calendar year. However, if you become disabled in one year and the disability continues into the next year, your basic benefits won't be renewed until you return to work.

### SUPPLEMENTAL:

The Supplemental benefit is just that - a benefit that supplements your Basic benefits (if any) to give you a total of 22 weeks of Short-term disability coverage. Your Supplemental benefits begin after your Basic STD period ends. As an example, with 5 years of service you'd have 8 weeks of Basic benefits. The Supplemental benefit option you choose would give you another 14 weeks of disability benefits for a total of 22 weeks of coverage.

**61**

## THE SHORT-TERM DISABILITY CHART

The following chart shows the relationship between your Dana service and the number of weeks of Basic and Supplemental benefits. The more service you have (up to 11 years), the more weeks of Basic coverage you have (up to 14 weeks).

| YOUR FULL YEARS OF SERVICE* | BASIC (100%) | SUPPLEMENTAL (70%) |
|---|---|---|
| Less Than 6 Months | 0 | 22 |
| 6 Months - Less than 1 Year | 1 | 21 |
| 1 Year | 2 | 20 |
| 2 Years | 4 | 18 |
| 3 Years | 6 | 16 |
| 4 Years | 7 | 15 |
| 5 Years | 8 | 14 |
| 6 Years | 9 | 13 |
| 7 Years | 10 | 12 |
| 8 Years | 11 | 11 |
| 9 Years | 12 | 10 |
| 10 Years | 13 | 9 |
| 11 Years or More | 14 | 8 |

*calculated as of 12/31 of the calendar year in which enrollment is held

The salary used to calculate your Short-Term Disability benefit is your current base monthly salary as of the date of disability. The benefit is rounded up to next multiple of $5.

If you are an employee who is paid weekly, your base weekly pay as of the date of disability is used.

## HOW TO DETERMINE YOUR BENEFIT AMOUNT

First, take your base monthly salary and divide it by 4.33. Then, multiply the result by 70% to get the amount of your weekly supplemental benefit. And, if that amount isn't an even multiple of $5, raise it to the next higher $5 increment. As an example, if you multiplied your salary by your level of coverage and came up with $216, your actual short-term disability coverage would be $220.

**62**

## WHEN SHORT-TERM DISABILITY BENEFITS BEGIN

On your first day of disability if you are:

- injured in an accident,
- hospitalized as an inpatient,
- undergoing out-patient surgery.

Otherwise, on your eighth day of disability.

Benefits may continue for a maximum of 22 weeks provided you remain disabled and under a doctor's care. Also, disability is paid on the basis of a five-day work week.

## SHORT-TERM DISABILITY REDUCTIONS

Short-Term disability benefits are reduced by:

- Any primary and family benefits payable under the Federal Social Security Act;
- Worker's Compensation Benefits for loss of wages, excluding benefits for loss of a body member or for 100% loss of its use;
- Any retirement benefits from Dana (excluding any Required Minimum Distribution payments payable at age 70½)
- Any benefits required by state or federal laws for the same period of disability.

## CONTINUOUS PERIOD OF DISABILITY

If disabilities from the same or related cause happen within three months of each other, the two (or more) periods of disability are counted as one, unless Dana receives satisfactory evidence that:

- the causes of the 2 periods are not related; and
- you have returned to work and completed one full day of active service with Dana between the 2 periods.

## LIMITATIONS

No benefits are payable under this coverage for:

- Those days that you're not under the care of a PHYSICIAN;
- Disability due to an OCCUPATIONAL INJURY or disease that occurs while working for another employer.
- Any time for which you've been convicted of a felony.

**63**



### TAXES ON SHORT-TERM DISABILITY BENEFITS

All disability benefits will be subject to federal, state, and local taxes according to tax law in effect at the time of your disability.

### LEGAL STATUS OF SHORT-TERM DISABILITY BENEFITS

Unlike the other benefits offered under HealthWorks, the Short-Term Disability benefit is not an employee welfare plan subject to the Employee Retirement Income Security Act of 1974, as amended.

### HOW TO FILE A SHORT-TERM DISABILITY CLAIM

You and your PHYSICIAN will need to complete appropriate claim forms and return them to your Human Resources representative, who will submit the claim on your behalf. If your short-term disability claim is approved, you'll be paid the applicable benefit amount.

Any claim for short-term disability benefits under the plan must be filed within one year after you first become disabled. Claims first filed more than one year after the disability began will be denied. Of course, if you're absent from work and fail to promptly apply for Short-Term Disability benefits or FMLA leave or otherwise provide medical documentation for the absence, you may be subject to termination for non-attendance long before this deadline.

While receiving benefits, you'll also need to send medical documentation that your total disability continues. Your local Human Resources representative will inform you when that documentation is needed.

If you're incapable of receiving and giving a valid receipt for the benefits due you, Dana may pay such benefits according to the "Facility of Payment" provisions.

**64**

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

**FILED**

JUL 0 6 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCES L. DAUGHERTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No:   06-3130 |
| | ) |
| AFFINIA BRAKE PARTS, INC. | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF FILING AND PROOF OF SERVICE
## OF MAILING OF OBJECTION TO REMOVAL AND
## PLAINTIFF'S AFFIDAVIT

You are hereby notified that on _7/6/06_ , Frances Daugherty,

Plaintiff, filed in the United States District Court for the Central District of Illinois,

Springfield Division, an Objection to Removal and Plaintiff's Affidavit, copies of

each which are attached hereto.  Copies of the Objection to Removal and

Plaintiff's Affidavit were mailed on _7/6/06_ by United States Mail at

Litchfield, Illinois with postage fully paid to the following:

Greensfelder, Hemker & Gale, P.C.
10 S. Broadway, Ste. 2000
St. Louis, MO  63102

By: _____
            Attorney for Frances Daugherty, Plaintiff

Subscribed to and sworn before me, a Notary Public, this _6th_
day of July, 2006.

_____
Notary Public

"OFFICIAL SEAL"
Nancy A. Schmidt
Notary Public, State of Illinois
My Commission Exp. 06/15/2008