IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:06-cv-03130-JES-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S OBJECTIONS TO NOTICE OF REMOVAL**

COMES NOW Defendant Brake Parts Inc., improperly named in the Complaint as Affinia Brake Parts, Inc. ("Brake Parts" or "Defendant"), by and through counsel, and for its Response to Plaintiff's Objection to Removal and Affidavit in Support states as follows:

**I.     INTRODUCTION**

Defendant's removal of this case to federal court is entirely proper. Plaintiff's confusing objections to the Notice of Removal ("Objections") are completely misplaced. The objections, which are difficult to decipher, refer to pension plans and assert the mistaken notion that ERISA governs only employee pension benefit plans.[1] In fact, ERISA governs both employee pension benefit plans **and** employee welfare benefit plans. An employer sponsored group plan providing disability benefits is an employee welfare benefit plan.

Plaintiff's suggestion that her claim lies outside of ERISA because she was allegedly not given an application for benefits completely disregards the substance and scope of ERISA. A decision that plaintiff was no longer eligible to participate in the plans falls squarely within the statutory enforcement scheme of ERISA at Section 502(a)(1)(B). Although Plaintiff has

---

[1] Moreover, the Affidavit attached to Plaintiff's Objections is completely irrelevant to the question of whether this Court has federal question jurisdiction and should therefore be disregarded.

attempted to plead her lawsuit as one alleging state court violations, Plaintiff cannot disguise her claim. Notably, on the face of her Complaint, Plaintiff asks the Court to award her benefits and enforce the terms of the Plan. This is exactly the type of claim governed by Section 502(a)(1)(B) of ERISA. Plaintiff's claims are *completely preempted* by Section 502(a)(1)(B) of ERISA, and as such have been properly removed to this Court.

## II.    ARGUMENT

**A.    ERISA governs the administration of Employee Welfare Benefit Plans.**

Contrary to Plaintiff's suggestion, ERISA governs both employee pension benefit plans (29 U.S.C. 1002(A)) <u>and</u> employee welfare benefit plans (29 U.S.C. 1002(2)(A)). Section 1002(1)(A) of ERISA defines an "employee welfare benefit plan" as:

> any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability. . .

29 U.S.C. § 1002(1)(A).

There are five statutory requirements for a Plan to qualify as an employee welfare benefit plan under ERISA: (1) a plan, fund or program; (2) established or maintained; (3) by an employer or an employee organization; (4) for the purpose of providing certain benefits; (5) to participants or beneficiaries. **Cler v. Ill. Educ. Ass'n**, 423 F.3d 726 (7th Cir. 2005).

On its face, Plaintiff's Complaint establishes each of the above elements. Specifically, Plaintiff alleges that Defendant, Plaintiff's employer, developed, wrote, and enforced employee welfare benefit plans. (Complaint, ¶2). Plaintiff further alleges that these benefit plans included disability benefits and that she requested that she be permitted to fill out long-term disability ("hereinafter LTD") and short-term disability (hereinafter "STD") applications pursuant to the

plans. (Complaint, ¶s 6 & 14). Plaintiff requests that the Court "constru[e]" the terms of the plans, determine that "coverage" exists for her alleged "disability," and "require Defendant to process and pay the disability claim." (Complaint, ¶179(B)). Plaintiff's allegations squarely fall under the terms of the ERISA enforcement scheme at 29 U.S.C. §1132(a)(1)(B).

**B.       Plaintiff's Case is Subject to *Complete Preemption* under ERISA 502(a)(1)(B).**

The doctrine of *complete preemption* permits the Court to look beyond the face of the complaint to determine that Plaintiff's claims are, in fact, poorly plead claims for benefits under Section 502(a)(1)(B) of ERISA. Removal is proper under 28 U.S.C. §1441(a) if the federal courts have original jurisdiction. One category of cases over which district courts have original jurisdiction is cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Brake Parts removed this lawsuit to federal court based on "federal question" jurisdiction.

Typically a defendant cannot remove a case to federal court unless the face of the complaint establishes that the case "arises under" federal law. **Aetna Health Inc. v. Davila**, 542 U.S. 200, 124 S.Ct. 2488, 2495 (2004)). However, "there is one exception . . . to the well-pleaded complaint rule. When a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. **Davila**, 124 S.Ct. 2488, 2494 (2004)); **Burns v. Am. United Life Ins. Co**., 2005 U.S. Dist. LEXIS 30429 at *9 (S.D. Ill. 2005) In **Davila**, the United States Supreme Court recognized that ERISA's civil enforcement mechanism, Section 502(a), 29 U.S.C. §1132(a), is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. **Davila**, 124 S.Ct. at 2495.

ERISA Section 502(a)(1)(B) of ERISA permits a participant or beneficiary to bring a civil action "to recover benefits due . . . under the terms of [a] plan, to enforce . . . rights under the terms of [a] plan, or to clarify . . . rights to future benefits under the terms of [a] plan. In **Davila**, the Court explained that if an individual brings suit complaining of a denial of coverage for benefits, where the individual is entitled to such benefits only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" Section 502(a)(1)(B) of ERISA.

Likewise, in **Vallone v. CNA Financial Corp**., 375 F.3d 623 (7th Cir. 2004), the Seventh Circuit collected its precedent concerning preemption, stating:

> [C]laims by a beneficiary for wrongful denial of benefits (no matter how they are styled) have been held by the Supreme Court to "fall[] directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes." **Metropolitan Life Ins. Co. v. Taylor**, 481 U.S. 58, 62-63 (1987). Recent decisions of both this circuit and the Supreme Court have held that state law claims, such as the plaintiffs' breach of common law contract claim here, are pre-empted by ERISA. **See Aetna Health Inc. v. Davila**, 124 S. Ct. 2488 ("Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA § 502(a) remedies were permitted, even if the elements of the state cause of action did not precisely duplicate the elements of an ERISA claim."); **Klassy v. Physicians Plus Ins. Co**., 371 F.3d 952, 2004 U.S. App. LEXIS 11689 (7th Cir. 2004) ("ERISA provides a remedy for plan participants wrongfully denied benefits. However, such claims must be brought under ERISA and creatively pleading a denial of benefits claim as a state law claim does not defeat the broad preemptive force of ERISA.

Furthermore, the Supreme Court has held that the comprehensive remedies set forth in Section 502(a)(1)(B) are exclusive. **Pilot Life Ins. Co. v. Dedeaux**, 481 U.S. 41, 51-54 (1987)**.** As such, claims for punitive damages and other relief pursuant to 215 ILCS 5/155 have been routinely held to be preempted. **Burns**, 2005 U.S. Dist. LEXIS 30429 at *21-22**; Dwyer v. UNUM Life Ins. Co.**, 2003 U.S. Dist. LEXIS 21521 (N.D. Ill. 2003).

On the face of her Complaint, Plaintiff alleges that she seeks to recover benefits pursuant to employee welfare benefit plans sponsored by her employer. Plaintiff claims that as a former employee of Brake Parts she has a vested right to these benefits. Although Plaintiff's Complaint does not specifically use the term "participant," Plaintiff has alleged that she has a "vested" right to benefits as a long-term employee. (Complaint, ¶ 10).

Even assuming Plaintiff's allegations are not enough to establish the ERISA nature of her claims, which Defendant disputes, the Plan documents establish that Plaintiff's claims are governed by ERISA. The Plan makes it clear that "eligible employees" who were "participant[s] in the Dana Corporation Beneflex Plan" and "actively employed by a participating facility [i.e. Brake Parts, Inc.] in an eligible classification" were eligible to participate in the HealthWorks Plan[2] (Plan, pp. 1-2), which included both a short-term disability benefit (Plan, pp. 61 – 64) and a long-term disability benefit (Plan, pp. 65 – 73). The LTD Plan also states "the Long-term Disability benefits plan offered under HealthWorks is an employee welfare plan subject to the Employee Retirement Income Security Act of 1974." (Plan, pp. 72).[3] Plaintiff's complaint, which contains both an STD claim and LTD claim, clearly requires an interpretation of both Plans and therefore the claims are removable under Section 502(a)(1)(B).

C.   **Plaintiff Cannot Avoid ERISA Pre-emption by Narrowing the Case to a Refusal to Provide an Application.**

Plaintiff's assertions that her claims fall outside of ERISA because her application for benefits was not processed are simply incorrect. Clearly, in the instant case, Plaintiff wants the

---

[2] The HealthWorks Plan was attached to the Notice of Removal and marked Exhibit C1, C2 and C3. The references herein are to the specific page numbers of the Plan.

[3] Although the STD Plan meets the statutory definition of an ERISA Plan described above, the Plan confusingly states that the STD benefits are not governed by ERISA. Other federal courts have recognized, "[T]he failure to label a policy an ERISA Plan does not relieve the employer of its duties under ERISA if the policy is in fact an ERISA Plan, so to cannot constant references to ERISA in plan documentation transform a policy that does not meet the statutory definition into an ERISA Plan." **HCA Health Services of the Midwest, Inc.**, 1988 U.S. Dist. LEXIS 6348, at *5 (N.D. Ill. 1988).

Court to rule that she is eligible to apply for and receive short-term and long-term disability benefits based on her theory that she was an eligible participant of the STD and LTD Plans when she purportedly became disabled in January of 2005. Thus, the issue is whether Plaintiff was an eligible participant in the Plans.

Despite Plaintiff's attempts to frame this case under state law, it is obvious that the loss that Plaintiff seeks to have remedied is the refusal to allow Plaintiff benefits under the employee benefit plans. A judgment in this case requires a direct interpretation of the Plans and a finding that Plaintiff was an eligible participant entitled to benefits. As such, Plaintiff's claims are preempted by ERISA. **See, e.g. Roeder v. Chemrex Inc. and Unum Life Ins. Co. of Am.**, 863 F. Supp. 817, 822 (E.D. Wis. 1994). Adoption of Plaintiff's restrictive interpretation of ERISA would turn ERISA preemption on its head, and would not further the legislative purpose of ERISA to provide uniformity and certainty to the interpretation of employer sponsored group employee welfare benefit plans.

For all of the foregoing reasons, Defendant respectfully requests that this Court issue an Order holding that Defendant has properly removed this case to federal court, finding that jurisdiction is proper, and further ordering such further relief as this Court deems just and proper.

                              Respectfully submitted,

                GREENSFELDER, HEMKER & GALE, P.C.


By: /s/Amy L. Blaisdell
     Edward S. Bott   #3126866
     Julie L. Waters   #6276127
     Amy L. Blaisdell  #6276380
     10 S. Broadway, Suite 2000
     St. Louis, MO 63102
     T:  314-241-9090
     F:  314-241-3643
     esb@greensfelder.com
     jlw@greensfelder.com
     apb@greensfelder.com

     ATTORNEYS FOR DEFENDANT
     BRAKE PARTS INC., IMPROPERLY
     NAMED IN THE COMPLAINT AS
     "AFFINIA BRAKE PARTS, INC."

## CERTIFICATE OF SERVICE

       I certify that on July 24, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following: Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL 62056.

                                      /s/Amy L. Blaisdell

901878v1