E-FILED
Monday, 14 August, 2006  03:40:52 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FRANCES L. DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-3130 |
| ) | |
| AFFINIA BRAKE PARTS, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Frances L. Daugherty's Objection to Removal (d/e 8).  In April 2006, Daugherty filed a four-count verified complaint in Montgomery County (Illinois) Circuit Court.  <u>Notice of Removal (d/e 1)</u>, Ex. B, <u>Complaint</u>. Defendant Affinia Brake Parts, Inc. (Brake Parts) filed a Notice of Removal on June 22, 2006.[1]  On July 6, 2006, Daugherty filed her Objection to Removal.  For the reasons set forth below, Plaintiff's Objection to Removal is overruled.

Daugherty alleges that she had been employed by Brake Parts since

---

[1]Defendant's Notice of Removal asserts that it is improperly named in the Complaint and that its proper name is Brake Parts, Inc.

1

1981 and was qualified to receive benefits under the various employee benefit plans outlined in the Brake Parts Employee Handbook which is attached as Complaint Exhibit A. According to the Complaint, Daugherty's employment was terminated on January 20, 2005, because of alleged production cutbacks. Daugherty alleges that at the time of the termination, she "had certain vested rights as a long-term employee." Complaint, ¶ 10. Plaintiff asserts that she has requested an application to apply for disability insurance, but Defendant willfully and maliciously refused to process Daugherty's claim for benefits. Specifically, the Complaint alleges that Defendant "refused to state any coherent reason why [Daugherty] could not fill out the disability application," "refused to process the application," "refused to give [Daugherty] the papers to file the application," "refused to answer [Daugherty] or her lawyer's request regarding the reasons for failure to process the application," and "supplied spurious and insulting communication to Plaintiff and her attorney." Id., ¶ 15. The Complaint further asserts that Defendant is withholding funds due and owing Plaintiff.

Defendant filed its Notice of Removal June 22, 2006, asserting that the action could have originally been filed in this Court under 28 U.S.C. § 1331 and 29 U.S.C. § 1132. According to Defendant, Daugherty's claims

are, in reality, claims to recover long- and/or short-term benefits allegedly due under the terms of a plan governed by the Employee Retirement Income Security Act of 1971 (ERISA). See 29 U.S.C. § 1132(a)(1)(B). Defendant filed a copy of the Summary Plan Description for its HealthWorks Plan ("the Plan") as Exhibit C to its Notice of Removal. Daugherty objects to removal and seeks remand to state court. Defendant has responded to Daugherty's Objection, and the matter is ripe for determination.

Removal is proper in any action that could have originally been filed in federal court. 28 U.S.C. § 1441. When a defendant removes a case from state to federal court, the defendant must demonstrate to a "reasonable probability" that subject matter jurisdiction exists. Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 404 (7th Cir. 2004). "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 9-10 (1983)). An exception to the well-pleaded complaint rule exists, however: "'[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." Id. (quoting Beneficial Nat.

3

Bank v. Anderson, 539 U.S. 1, 8 (2003)). The exception exists based on the fact that "'[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" Id. at 207-08 (quoting Beneficial Nat. Bank, 539 U.S. at 8). ERISA is a statute that enjoys complete preemption. Id. at 208.

Daugherty objects to removal, arguing that her case does not fall within the scope of ERISA. Daugherty asserts that neither she nor her attorney were provided with a copy of the Plan prior to receiving the Notice of Removal. Daugherty further contends that her case, which alleges a denial of her ability to file an application for benefits, is distinguishable from claims involving the processing or denial of benefits. These arguments are unpersuasive.

From the Plan documents, it appears that both the short-term and long-term disability portions of the Plan fall under ERISA, a fact which Plaintiff does not contest. See 29 U.S.C. § 1002(1)(A) (defining "employee welfare benefit plan"). Indeed, the allegations of the Complaint regarding the Plan establish the requisite elements for an ERISA-governed plan. Plaintiff cites no authority to support her argument that her lack of access

to the Plan documents prior to removal affects the removal analysis. The Court's independent research revealed no cases on point. The Court notes that Plaintiff does not dispute the applicability of the Plan provided or the fact that it is governed by ERISA. Therefore, the Court rejects Plaintiff's first argument for remand and turns its attention to an analysis of Plaintiff's claims and the scope of ERISA.

In her Objection, Plaintiff attempts to characterize her claim narrowly as one challenging only Defendant's alleged refusal to allow her to apply for benefits. This narrow construction, however, is inconsistent with the Complaint. In Count 1, Plaintiff alleges that, by its alleged actions, Defendant is "withholding funds properly due and owing the Plaintiff." Complaint, ¶ 16. In Count 2, Plaintiff asserts that "Defendant's actions in discontinuing Plaintiff's employment and denying benefits are unreasonable and vexatious." Id., ¶ 18. Thus, the allegations of the Complaint go beyond a mere refusal to allow Daugherty to apply for benefits by expressly alleging that Plaintiff is harmed by Defendant's refusal to pay benefits.

Moreover, even under Plaintiff's narrow characterization, the Court finds that her claims fall within the scope of ERISA preemption based on the relief she seeks. Count I of Daugherty's Complaint prays for relief as

5

follows:

> Plaintiff respectfully prays that this Honorable Court:
>
> A.   Determine the rights and liabilities of the parties under the terms of the disability policies.
>
> B.   Enter a declaratory judgment in accordance with 735 ILCS 5/2-201 of the Illinois Code of Civil Procedure, construing the policies of insurance herein referred to, and determine that coverage exists for the disability of the Plaintiff, and require the Defendant to process and pay the disability claim.
>
> C.   Determine the amount of past monthly payments owed to the Plaintiff and enter judgment against Defendant in that amount.
>
> D.   Award attorney fees and costs in this action for Plaintiff and against Defendant.

Complaint, p. 3-4.  Clearly, Plaintiff is expressly seeking to recover benefits due under the terms of an ERISA-governed plan.  As the Seventh Circuit has recognized: "claims by a beneficiary for wrongful denial of benefits (no matter how they are styled) have been held by the Supreme Court to 'fall [ ] directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.'"  Vallone v. CNA Financial Corp., 375 F.3d 623, 638 (7th Cir. 2004) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987)).  Thus, Plaintiff's claims as pleaded fall within the scope of ERISA, even under a narrow

construction. Therefore, because ERISA completely preempts state law causes of action, removal is proper.

THEREFORE, for the reasons set forth above, this Court has jurisdiction and removal is proper. Plaintiff's Objection to Notice of Removal (d/e 8) is OVERRULED. Defendant is directed to plead to the Complaint by September 15, 2006. The matter is referred to Magistrate Judge Evans for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER: August 14, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE