E-FILED
Wednesday, 16 August, 2006  11:11:17 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| FRANCES L. DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:  06-3130 |
| ) | |
| AFFINIA BRAKE PARTS, INC., ) | |
| ) | |
| Defendant. ) | |

## MOTION TO RECONSIDER

Now comes the Plaintiff, Frances L. Daugherty, by and through her attorney, Peter C. Drummond, in the above referenced cause and states as follows:

1. In the above referenced matter Complaint against the Defendant was filed in the Circuit Court of Montgomery County, Illinois.  On the 28th day of June 2006 the defendant herein filed a removal petition.

2. Plaintiff timely objected to said removal petition.

3. Attached hereto and made a part hereof as Exhibit "A" is the applicable law that Plaintiff feels applies to her claim.

4. That Plaintiff requests reconsideration and an oral argument on this issue.

WHEREFORE, Plaintiff prays that this Court reconsider the granting of the defendant's motion to remove this cause to Federal District Court by scheduling a hearing before the Honorable Jeanne Scott.

DRUMMOND LAW LLC

By:  s/Peter C. Drummond
Peter C. Drummond – 0680699
Drummond Law LLC
703 W. Union, Suite 3
P.O. Box 130
Litchfield, IL  62056
Phone: 217/ 324-2323
Fax:   217/ 324-4474
drummondlaw@consolidated.net

**Certificate of Service**

       I hereby certify that on August 16, 2006, I electronically filed Plaintiff's Motion to Reconsider with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

Amy Blaisdell
Greensfelder, Hemker & Gale PC
Suite 2000
10 S. Broadway
St. Louis, IL  63102

 

Respectfully submitted,
s/Peter C. Drummond
Peter C. Drummond,  #0680699
Drummond Law LLC
703 W. Union, Suite 3
P.O. Box 130
Litchfield, IL  62056
Phone:  217/ 324-2323
Fax:     217/ 324-4474
drummondlaw@consolidated.net

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FRANCES L. DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 06-3130 |
| ) | |
| AFFINIA BRAKE PARTS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Plaintiff herein has alleged as a cause of action that Affinia Brake Parts, through their employees, wrongfully prevented plaintiff from applying for or accessing the "plan," refused to provide a copy or any information as to the "plan" and refused to state why they refused to do so.

The Federal District Court here is not the proper venue in this cause because the "plan" as attached to Defendant's Motion to Transfer Venue is not a named defendant. Trustees, fiduciaries, or administrators of the "plan" are not named defendants.

The "plan" is accused of no wrongdoing because they by definition have as yet done nothing regardless of the outcome of this litigation.

Payment or nonpayment of benefits under the "disability insurance plan" will not be affected by the outcome of this particular matter, except to the extent the named Defendants are required to perform the ministerial task of mailing the disability application of Petitioner to the plan trustees.

In the event the trustees of the "disability plan" were to evaluate the plaintiff's claim and decide adversely to the claim, it is axiomatic that she might have a cause of action against the "plan" <u>at that time</u> under ERISA. The fact remains there is currently no litigation currently directed toward the pension plan itself.

The reason that the Courts have been so conservative in expanding remedies under ERISA is set forth explicitly in Supreme Court cases. <u>Massachusetts Mutual v. Russell, 473 U.S. 134; 105 S. Ct. 3085; 87 L. Ed. 2d 96 (1985)</u>, speaks about the expansive nature of ERISA. That case involved alleged improper processing of a benefit claim by the disability plan itself. It had nothing to do with a refusal of the corporate hierarchy to accept or process her application.

Fiduciaries are dealt with specifically under the language in the ERISA statute and there is absolutely nothing to indicate that all possible employees of a company are automatically included.

A fiduciary duty as set forth in ERISA refers to people who "actively" manage plan assets. There is nothing at all in the definition to support a contention that ERISA is an umbrella cause of action for corporate misdeeds in general.

In ERISA 3, 29 U.S.C. 1002 (21)(a) it states:

> "Except as otherwise provided in subparagraph (B), a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or responsibility in the administration of such plan. Such term includes any person designated under section 405(c)(1)(B)[29 USCS § 1105 (c)(1)(B)]."

Fiduciary responsibility in general is covered by a variety of other sections of the Act (ERISA 401-414, 29 U.S.C. 1101-1114).

The key word, as mentioned in the quote above, is the term "discretionary". Discretionary acts have been pointedly separated in numerous court opinions from non-discretionary or "ministerial" acts.

## MINISTERIAL ACTS

Ministerial acts, as treated by the court system, are reflected in a vast number of cases and are normally defined as simple, non-discretionary functions. In <u>Schmidt v. Sheet Metal Worker's National Pension Fund and Sheet Metal Worker's National Pension Fund Board of Trustees,</u> 128 Fed. 3rd 541 (7th Cir. 1997) the court stated "but only a fiduciary could commit a breach of fiduciary duty". The court in the above case declared no claim was actionable under ERISA because the named defendants in that case performed only "ministerial" tasks.

In <u>Schmidt</u> the court stated:

> "…it goes without saying that a claim for breach of fiduciary duty lies only against an individual or entity that qualifies as an ERISA "fiduciary"… and to be a fiduciary the individual entity must exercise a degree of discretion over the management of the plan or its assets or with the administration of the plan itself…"

In <u>Mertens, Brandowski, Clarke & Franz v. Hewitt Associates</u>, 508 U.S. 248; 113 S. Ct. 2063; 124 L. Ed. 2d 161; (S. Ct. 1993) the Court found that ERISA was not an actionable cause of action against an actuary who they considered to be a "non-fiduciary" to the plan.

The named defendants here are clearly not fiduciaries of the ERISA benefit "plan". They are fiduciaries of the petitioner.

It is the position of the Plaintiff that defendants herein clearly were not the fiduciaries of the benefit plan, which would bring this cause of action under ERISA. In fact, they are third parties who owed a fiduciary duty to plaintiff, not the plan.

As stated, in Schmidt, they exercise no discretionary management of the plan or administration of the plan. Their function is simply to accept the disability application and is totally ministerial in nature.

Numerous other Seventh Circuit cases have followed similar rationale. Robbins v. First American Bank of Virginia, 514 F. Supp. 1183 (N.D. IL 1981); Harris Trust and Savings Bank v. Provident Life and Accident Insurance Co., 854 F. Supp. 524 (N.D. IL 1994); Bolenbacher v. Helena Chem. Co., 934 F. Supp. 1015 (N.D. IN 1996); Keach v. U.F. Trust Co., 254 F. Supp. 2nd 1048 (C.D. IL 2003); Russo v. B&B Catering Inc., 209 F. Supp. 2nd 857 (N.D. IL 2002); Tegtmeier v. Midwest Operating Engineers Pension Trust Fund, 390 F. 3rd 1040 (7th Cir. 2004); Pohl v. National Ben Consultants, 956 Fed. 2nd 126 (7th Cir. 1992).

Here the named plaintiffs, employees of defendant corporations, were clearly not fiduciaries of the benefit plan. In fact, as indicated by the attached document (attached hereto, made a part hereof and designated as Exhibit "A") that at least three different individuals employed by the

defendant refused to supply a copy of the plan or even reveal its name. These independent tortious acts clearly interfered with plaintiff's contractual rights and plaintiff's common law state court cause of action requesting damages is clearly cognizable and said cause of action is not pre-empted by ERISA. ERISA only pre-empts cases where the named defendants are in fact fiduciaries of a plan, not a plaintiff. The named defendants here, who should have performed their simple ministerial function viciously refused to perform same.

If claimant's application for disability is processed and Mrs. Daugherty does not get what she feels is fair treatment under the plan, she then, and only then, would have a cause of action against the plan. Currently it would be manifestly improper to sue the "plan" itself, since that would be litigation against an entity that as yet has done no act, let alone an erroneous or malicious one.

The essence of this suit is against those individuals who directly, purposely and viciously prevented the plaintiff from accessing the mechanics of the plan itself, breached their duty to plaintiff and as such are liable in Tort for damages and interference with a third party contract.

If "ministerial acts" are sufficient to allow a defendant to escape liability under "ERISA", they are sufficient to allow a plaintiff to avoid litigation under "ERISA".

DRUMMOND LAW LLC

By:  s/Peter C. Drummond
Peter C. Drummond – 0680699
Drummond Law LLC
703 W. Union, Suite 3
P.O. Box 130
Litchfield, IL  62056
Phone: 217/ 324-2323
Fax:   217/ 324-4474
drummondlaw@consolidated.net

**Certificate of Service**

       I hereby certify that on August 16, 2006, I electronically filed Plaintiff's Memorandum with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

Amy Blaisdell
Greensfelder, Hemker & Gale PC
Suite 2000
10 S. Broadway
St. Louis, IL  63102

                                            Respectfully submitted,
                                            s/Peter C. Drummond
                                            Peter C. Drummond,  #0680699
                                            Drummond Law LLC
                                            703 W. Union, Suite 3
                                            P.O. Box 130
                                            Litchfield, IL  62056
                                            Phone:  217/ 324-2323
                                            Fax:     217/ 324-4474
                                            drummondlaw@consolidated.net



**AFFINIA**

RECEIVED
MAR 20 2005
Peter C. Drummond

Brake Parts - Litchfield
Affinia Under Vehicle Group
725 McKinley Avenue
Litchfield, IL 62056

217.324.2161 tel
217.324.7495 fax

affiniagroup.com

March 14, 2005

Peter C. Drummond
703 West Union, Suite 3
P.O Box 130
Litchfield, IL 62056

Dear Mr. Drummond:

    I received your letter regarding Ms. Daugherty's long-term disability claim. I am not able to discuss Ms. Daugherty's claim due to the Health Insurance Portability and Accountability Act of 1996.

    If you should have any questions or concerns, please feel free to contact me.

Sincerely,

Stephen L Ritchie
Human Resource Manager

Brake Parts Inc. - An Affinia Group Company



AFFINIA

RECEIVED
APR 0 1 2005
Peter C. Drummond

Brake Parts - Litchfield
Affinia Under Vehicle Group
725 McKinley Avenue
Litchfield, IL 62056

217.324.2161 tel
217.324.7495 fax

affiniagroup.com

March 29, 2005

Peter C. Drummond
703 West Union, Suite 3
P.O. Box 130
Litchfield, IL 62056

Dear Mr. Drummond:

Thank you for the information. The HIPAA Privacy Rule protects employee's medical records from being distributed to unauthorized parties. If you would have Ms. Daugherty sign a release giving you authorization, I would be pleased to send you the information. If you would also include the following information, I would greatly appreciate it:

- Signed release from Ms. Daugherty
- Letter of representation of Ms. Daugherty
- A list of records or information that you are requesting

If you should have any questions or concerns, please feel free to contact me.

Sincerely,

Stephen L Ritchie
Human Resource Manager

Brake Parts Inc. - An Affinia Group Company



**AFFINIA**

**RECEIVED**
AUG 22 2005
Peter C. Drummond

Steven E. Keller
General Counsel and Secretary
734.827.5430 tel
734.827.5403 fax
steve.keller@affiniagroup.com

Affinia Group Inc.
1101 Technology Drive, Suite 100
Ann Arbor, Michigan 48108
734.827.5400 tel
734.827.5401 fax
affiniagroup.com

August 18, 2005

Peter C. Drummond
Drummond Law Office
703 West Union, Suite 3
P.O. Box 130
Litchfield, IL 62056

Dear Mr. Drummond:

I am writing in response to your letter of July 1, 2005 to Rick Lienau. In your letter you question why Mrs. Daughtery was not entitled to short term disability benefits. As you must know, a short term disability benefit is a benefit that replaces a portion of a person's salary if they become unable to work due to an illness, injury, disease or pregnancy. Absent a short term disability benefit, such a person could be without any income.

In Mrs. Daugherty's situation, she was paid 100% of her regular wages as part of her separation arrangement during the alleged disability period of January 27, 2005 to March 14, 2005. Short term disability benefits are paid in lieu of regular wages, not in addition to regular wages.

Since there was 100% replacement of her pay for this period, whether Mrs. Daugherty qualifies for short term disability benefits is irrelevant. I trust this resolves the matter to your satisfaction.

Sincerely,

Steven E. Keller

*Affinia... Keeping the World's Wheels Turning*