IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:06-cv-03130-JES-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO RECONSIDER**

COMES NOW Defendant, by and through the undersigned counsel, and provides the following Response to Plaintiff's Motion to Reconsider ("Motion") and Memorandum in support.

**I. INTRODUCTION**

Plaintiff's Motion is nothing more than an attempt to get one more bite at the apple by rearguing points that the Court has already considered and rejected as well as one new point that Plaintiff has never raised. Plaintiff's Motion does not suggest that the Court misunderstood Plaintiff's objections to the removal or misapplied the law to the facts, and as such Defendant respectfully submits that Plaintiff's Motion should be denied.

In any event, Plaintiff's assertions that she is not seeking disability benefits under the terms of the HealthWorks Plan and that her instant lawsuit does not impact on the Plans remains in direct conflict with the face of her Complaint, in which she expressly seeks the payment of short-term and long-term disability benefits. Likewise, the fact that Plaintiff has attempted to circumvent ERISA by suing her employer, which she claims is not an ERISA fiduciary, does not permit her to avoid preemptive force of Section 502(a)(1)(B) of ERISA, 29 U.S.C

§1132(a)(1)(B). Notably, this is an entirely new argument for Plaintiff. Regardless, as is discussed below, all courts to consider the issue agree that "[t]he fact that [defendant] may be a nonfiduciary of the Plan does not save Plaintiff's claims against it from preemption." <u>Overall v. Sykes Health Plan Services, Inc.</u>, 2006 U.S. Dist. LEXIS 312275 (W.D. Ky. May 2006).

## II. ARGUMENT

"Reconsideration of a court's ruling is not expressly authorized by the federal rules and is conducted **at the discretion** of the court." <u>Cunningham v. Snap-On Tools Co.</u>, 2006 U.S. Dist. LEXIS 37724 at *3 (S.D. Ill. 2006) (emphasis added). In this case, the Court should exercise its discretion to **deny** Plaintiff's Motion to Reconsider ("Motion"), as the Court's Opinion overruling Plaintiff's objections to removal ("Opinion") neither misunderstood Plaintiff's objections, nor made errors of fact or law in overruling those objections.

In her Motion, Plaintiff once again attempts to disavow the allegations in her Complaint, by claiming that she has sued her employer, rather than an ERISA Plan, and by further asserting that, "The 'plan' is accused of no wrongdoing." According to Plaintiff, "Payment or nonpayment of benefits under the 'disability insurance plan' will not be affected by the outcome of this particular matter, except to the extent the named Defendants are required to perform the ministerial task of mailing the disability application of Petitioner to the plan trustees." Plaintiff's assertions in this regard are **disingenuous at best**.

In her Complaint, Plaintiff clearly seeks to recover disability benefits pursuant to the terms of the HealthWork Plan, which plan was sponsored by her employer and which Plaintiff does not dispute is governed by ERISA. Specifically, as this Court recognized in its Opinion:

> In Count 1, Plaintiff alleges that, by its alleged actions, Defendant is "withholding funds properly due and owing the Plaintiff." Complaint, P 16. In Count 2, Plaintiff asserts that "Defendant's actions in discontinuing Plaintiff's employment and denying benefits are unreasonable and vexatious." Id., P 18. Thus, the allegations

of the Complaint go beyond a mere refusal to allow Daugherty to apply for benefits by expressly alleging that Plaintiff is harmed by Defendant's refusal to pay benefits.

Moreover, even under Plaintiff's narrow characterization, the Court finds that her claims fall within the scope of ERISA preemption based on the relief she seeks. Count I of Daugherty's Complaint prays for relief as follows:

Plaintiff respectfully prays that this Honorable Court:

A. Determine the rights and liabilities of the parties under the terms of the disability policies.

B. Enter a declaratory judgment in accordance with 735 ILCS 5/2-201 of the Illinois Code of Civil Procedure, construing the policies of insurance herein referred to, and determine that coverage exists for the disability of the Plaintiff, and require the Defendant to process and pay the disability claim.

C. Determine the amount of past monthly payments owed to the Plaintiff and enter judgment against Defendant in that amount.

D. Award attorney fees and costs in this action for Plaintiff and against Defendant. Complaint, p. 3-4.

Opinion, at pp. 5-6.

Clearly, by asking this Court to "construe the policies of insurance" and require the Defendant to "process and pay the claim" Plaintiff is asking this Court to construe the terms of an ERISA Plan and award her disability benefits. Moreover, the Memorandum in support of Plaintiff's Motion asserts that Defendant has interfered with plaintiff's "contractual rights" to receive benefits. Plaintiff has no such contractual right. Any "right" to receive benefits must arise solely and exclusively out of the Plan.[1] The Seventh Circuit has recognized: "claims by a beneficiary for wrongful denial of benefits (**no matter how they are styled**) have been held by the Supreme Court to 'fall [] directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.'" Vallone v. CNA Fin. Corp.,

---

[1] Defendant expressly denies that Plaintiff is entitled to any benefits under the terms of the Plan.

375 F.3d 623, 638 (7th Cir. 2004) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987)).

Moreover, the preemptive force of ERISA applies, regardless of whether ERISA provides a remedy, as the Seventh Circuit has explained, "the availability of a federal remedy is not a prerequisite for federal preemption." Lister v. Stark, 890 F.2d 941, 946 (7th Cir. 1989). In Lister, the Court affirmed removal and noted, "The policy choice reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Id. at 946 (quoting Pilot Life v. Dedeaux, 481 U.S. 41, 54 (1987); See also Rogers v. Tyson Foods, Inc., 308 F.3d 785, 789 (7th Cir. 1999) ("Complete preemption can exist even where a particular plaintiff seeks a remedy that Congress chose not to provide when it effected complete preemption.") As was recently noted by the United States District Court for the Southern District of Illinois, "ERISA may preempt Plaintiff's claims and provide a basis for federal jurisdiction . . . regardless of whether ERISA provides an avenue on which Plaintiff can ultimately prevail on her claim." Burns v. American United Life Ins. Co., 2006 U.S. Dist. LEXIS 46126, *11 (S.D. Ill. 2006).

As such, Plaintiff's attempts to place her claim outside of ERISA by asserting that the actions giving rise to her claim were not performed by ERISA fiduciaries, is equally unavailing. Plaintiff's assertion that "ERISA only pre-empts cases where the named defendants are in fact fiduciaries of a plan" is wrong. The fact that Defendant may not be a fiduciary for purposes of ERISA, does not mean that Plaintiff's claims are saved from ERISA preemption.

To the contrary, the only case cited by Plaintiff, which even touches upon the question of whether a claim against a non-fiduciary was preempted by ERISA is Pohl v. National Ben.

Consultants, 956 F.2d 126 (7th Cir. 1992), and that case does not support Plaintiff's arguments. In Pohl, the Seventh Circuit affirmed the district court's decision, which had found plaintiffs' common law negligent misrepresentation claim to be preempted by ERISA. The Seventh Circuit court addressed the breadth of ERISA's preemptive provisions, noting that one of the purposes of ERISA is to protect the financial integrity of ERISA plans and this purpose would be thwarted by allowing participants to maintain suits under state laws that were based on oral representations of coverage to which the participant was not entitled by the terms of the Plan. Id. at 127-28.

The court in Pohl then discussed whether the plaintiffs might have had a remedy under an ERISA breach of fiduciary duty theory. The Court concluded that plaintiffs had no such remedy because the defendant who made the representations was not a fiduciary. The Court concluded that the plaintiffs had no claim against defendant **"under the fiduciary duty provisions of ERISA -- or under any other provisions.**" The Court further noted, "**They have no claim, period; and this, as we have emphasized, for reasons grounded in the policy of the statute**." Id. at 129 (emphasis added). In other words, because the Court had already found that plaintiffs' state law claims were preempted by ERISA and because there was no viable fiduciary duty claim under ERISA, plaintiff had no cause of action – under state or federal law – due to the ERISA's expansive preemptive provisions and the exclusive nature of ERISA's remedies.

None of the other cases cited by Plaintiff addresses the question of whether ERISA preempts a state law breach of fiduciary duty claim. Rather tellingly, every single one of the cases cited by Plaintiff was brought pursuant to ERISA. In each of the cases, the Courts either granted or denied defendant's motion for summary judgment, finding that they either were or

were not ERISA fiduciaries. None of the courts held that a separate state law cause of action could be brought against the defendants that were found to be non-fiduciaries.

Moreover, recent decisions from other district courts directly refute Plaintiff's position to the extent she claims that her claim is not preempted because it is brought against a non-fiduciary. Most recently in Overall v. Sykes Health Plan Services, Inc., 2006 U.S. Dist. LEXIS 312275 (W.D. Ky. May 2006), the United States District Court for the Western District of Kentucky held, "The fact that [defendant] may be a nonfiduciary of the Plan does not save Plaintiff's claims against it from preemption. . . . state law claims [which go to the very heart of issues with the scope of ERISA's exclusive regulation . . . [are] clearly preempted. . . . [T]his principle holds true even where the suit is brought against a non-fiduciary." Id. at *11-13 (internal citations omitted). Likewise, in Custer v. Pan Am. Life Ins. Co., 12 F3d 410, 418 (4th Cir. 1993), the court noted, "All other courts of appeals that have considered the question agree that state causes of action asserted against nonfiduciaries are preempted by ERISA." Likewise, in Kollman v. Hewitt Assocs., LLC, 2003 U.S. Dist. LEXIS 18138, *10-11 (E.D. Pa. 2003), the Court followed Custer noting, "While the Third Circuit has not directly addressed whether the fiduciary status of a defendant affects the preemption of state law claims, the circuits that have addressed this issue have found that state law claims are preempted regardless of whether the defendants are ERISA fiduciaries, so long as the state law claims relate to an ERISA plan." Id. (citing Smith v. Provident Bank, 170 F.3d 609, 615-16 (6th Cir. 1999); Custer v. Pan American Life Ins. Co., 12 F.3d 410, 419 (4th Cir. 1993); Corcoran v. United Healthcare, Inc., 965 F.2d 1321, 1334 (5th Cir. 1992); Consolidated Beef Indus., Inc. v. New York Life Ins. Co., 949 F.2d 960, 964 (8th Cir. 1991); Gibson v. The Prudential Ins. Co. of America, 915 F.2d 414, 418 (9th Cir. 1990); Howard v. Parisian, Inc., 807 F.2d 1560, 1564-65 (11th Cir. 1987)).

In this case, Plaintiff seeks to relabel her ERISA claim as a refusal to process an application claim by a "non-fiduciary" in an effort to avoid ERISA preemption. Clearly whether or not Defendant owed any obligation to Plaintiff to process her application turns on the existence of an ERISA Plan and on the Plaintiff's presumption that she was eligible to participate in the Plan and not out of any independent legal duty purportedly owed to Plaintiff. Plaintiff is clearly attempting to bring her claims as an alternative means of recovering benefits, which she claims she was entitled to under the terms of the Plan. As such, her claims are completely preempted by Section 502(a)(1)(B) and removal to this Court was entirely proper.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion to Reconsider should be denied. In the event that the Court grants Plaintiff's Motion to Reconsider, Defendant respectfully submits that this Court should affirm its Opinion overruling Plaintiff's Objections to the Removal.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


By:  /s/Amy L. Blaisdell_____
    Edward S. Bott   #3126866
    Julie L. Waters   #6276127
    Amy L. Blaisdell  #6276380
    10 S. Broadway, Suite 2000
    St. Louis, MO 63102
    T:  314-241-9090
    F:  314-241-3643
    esb@greensfelder.com
    jlw@greensfelder.com
    apb@greensfelder.com

ATTORNEYS FOR DEFENDANT BRAKE PARTS INC., IMPROPERLY NAMED IN THE COMPLAINT AS "AFFINIA BRAKE PARTS, INC."


**CERTIFICATE OF SERVICE**

I certify that on August 30, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following: Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL 62056.


    /s/Amy L. Blaisdell_____