E-FILED
Tuesday, 12 September, 2006  03:20:41 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3130 |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Frances L. Daugherty's Motion to Reconsider (d/e 12).  Daugherty asks the Court to reconsider its Opinion, dated August 14, 2006 (d/e 11), in which the Court overruled Daugherty's objection to the removal of her Complaint from state court.  For the reasons set forth below, the Motion to Reconsider is denied.[1]

As the Court noted in its Opinion, dated August 14, 2006, it is well-established that the Employee Retirement Income Security Act of 1971 (ERISA) is a federal statute that completely preempts state-law causes of

---

[1]Because the Court can adequately analyze the Motion based on the parties' written submissions, Daugherty's request for a hearing on her Motion is denied.

action.  Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).  When a federal statute enjoys complete preemption, a state claim which comes within the scope of the federal cause of action is removable based on the fact that any claim which comes within the scope of the federal cause of action, even if pleaded in terms of state law, is in reality based on federal law.  Id. at 207-08.  This Court held that Daugherty's Complaint fell within the scope of ERISA, and that removal was, therefore, proper.

In her Motion to Reconsider, Daugherty again asserts that her Complaint falls outside the scope of ERISA preemption.  As an initial matter, Daugherty asserts that "Payment or nonpayment of benefits under the 'disability insurance plan' will not be affected by the outcome of this particular matter . . . ." Motion to Reconsider, p. 2.  Daugherty ignores the fact that, as the Court previously noted, her Complaint expressly seeks to recover benefits alleged to be due under the terms of an ERISA-governed plan.  See Notice of Removal (d/e 1), Ex. B, Complaint, p. 3-4.  There has been no request to amend the Complaint.  To the extent that Daugherty's argument contradicts her Complaint, it is the Complaint that is relevant to the Court's analysis.  As the Seventh Circuit has noted: "claims by a beneficiary for wrongful denial of benefits (no matter how they are styled)

2

have been held by the Supreme Court to 'fall [ ] directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.'" Vallone v. CNA Financial Corp., 375 F.3d 623, 638 (7th Cir. 2004) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987)).  Daugherty's request for reconsideration based on this point is denied.

Daugherty also asserts that her claims fall outside the scope of ERISA preemption based on the fact that she has named her previous employer, rather than trustees, fiduciaries, or administrators of the plan, as the defendant.  Daugherty cites numerous cases that analyze whether certain defendants were ERISA fiduciaries or whether they performed only ministerial duties.  However, Daugherty cites no cases to support her position that state law claims against non-fiduciaries are not preempted by ERISA.  Indeed, courts to consider the issue have routinely held to the contrary.  See Custer v. Pan American Life Ins. Co., 12 F.3d 410, 418-419 (4th Cir. 1993) (collecting cases).

As the Supreme Court has recognized, the preemptive force of ERISA is not "limited to the situation in which a state cause of action precisely duplicates a cause of action under ERISA . . . ."  Davila, 542 U.S. at 216.

3

Rather, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted ." Id. at 209. The availability of a remedy is not a prerequisite for federal preemption. Lister v. Stark, 890 F.2d 941, 946 (7th Cir. 1989). "'The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.'" Id. (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)). Daugherty's request for reconsideration based on this point is denied, as well.[2]

THEREFORE, Plaintiff Frances L. Daugherty's Motion to Reconsider (d/e 12) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER:  September 12, 2006.
　　　　FOR THE COURT:

　　　　　　　　　　　　　　　　　　s/ Jeanne E. Scott
　　　　　　　　　　　　　　　　　JEANNE E. SCOTT
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2]The issue of whether Daugherty has a remedy under ERISA against the named Defendant is not before the Court, and thus, the Court makes no finding on that issue at this time.

4