E-FILED
Friday, 15 September, 2006  10:23:45 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:06-cv-03130-JES-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO STRIKE

COMES NOW Defendant Brake Parts Inc., improperly named in the Complaint as Affinia Brake Parts, Inc. ("Brake Parts" or "Defendant"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(f), and moves this Court to enter an Order: (1) striking all references to and requests for relief pursuant to state law from Count I of Plaintiff's Complaint, specifically striking paragraphs 5, 7, 8, 12, 13, 15 and 16 and all references to 735 ILCS 5/2-701, and recharacterizing Count I as an ERISA Section 502(a)(1)(B) denial of benefits claim, (2) striking Counts II through IV in their entirety, and (3) striking Plaintiff's demand for a jury trial. In support of its Motion to Strike, AUL states the following:

1.     Plaintiff, Frances L. Daugherty ("Daugherty"), instituted this civil action in the Circuit Court of Montgomery, Illinois, on or about April 26, 2006.

2.     Brake Parts removed this action to federal court because on the face of her Complaint Plaintiff seeks the payment of short-term and long-term disability benefits pursuant to an ERISA governed employee welfare benefit plan. As such, this action was removed pursuant to the doctrine of complete preemption under Section 502(a)(1)(B) of ERISA, 29 U.S.C. Section 1132(a)(1)(B).

3.     Plaintiff objected to Defendant's removal.

4. On August 14, 2006, this Court overruled Plaintiff's objections and found that this action was properly removed, stating, "[E]ven under Plaintiff's narrow characterization, the Court finds that her claims fall within the scope of ERISA preemption based on the relief she seeks. . . . Plaintiff is expressly seeking to recover benefits due under the terms of an ERISA-governed plan."[1]

5. In Count I of her Complaint, Plaintiff requests that the Court enter a declaratory judgment pursuant to 735 ILCS 5/2-701, construing the terms of the employer sponsored employee welfare benefit plan, determining that coverage exists, and ordering Defendant to pay her short-term and long-term disability benefits.

6. Plaintiff further alleges in Paragraphs 5, 7, 8, 12, 13, 15 and 16 of Count I that as her employer Defendant owed Plaintiff a common law duty of fair and equitable dealing in good faith and a fiduciary duty and breached these common law duties.

7. As this Court has already found, Plaintiff's claims are completely preempted by Section 502(a)(1)(B) of ERISA, Defendant moves this Court to strike the references to 735 ILCS 5/2-701 and to recharacterize Count I as a denial of benefits claim pursuant to Section 502(a)(1)(B) of ERISA. **See Pruett v. Anthem Ins. Co.,** 2005 U.S. Dist. LEXIS (S.D. Ind. 2005).

8. Defendant further moves this Court to strike Paragraphs 5, 7, 8, 12, 13, 15 and 16, because these paragraphs, which allege state common law tort claims based on a "duty of fair and equitable dealing in good faith" and breach of a common law "fiduciary duty" are nothing more than an effort to plead around ERISA and are preempted by ERISA. **Tomcyzk v. Blue Cross & Blue Shield**, 951 F.2d 771, 776-77 (7th Cir. 1991). The United States Supreme Court

---

[1] Plaintiff filed a Motion to Reconsider on August 16, 2006. The Court denied Plaintiff's Motion on September 12, 2006.

913608   2

has held clearly held that ERISA preempts "state common law tort and contract actions, including bad faith claims." **Aetna Life Inc. v. Davila**, 542 U.S. 200, 208 (2004); **Pilot Life Ins. v. Dedeaux**, 481 U.S. 41, 57 (1987).

9. In Count II of the Complaint, Plaintiff alleges that Defendant's actions in discontinuing Plaintiff's employment and denying benefits were "unreasonable and vexatious." Plaintiff seeks attorneys fees and a penalty pursuant to the Illinois Insurance Code, 215 ILCS § 5/155. Defendant moves the Court to strike Count II in its entirety on the basis that Illinois federal courts have uniformly held that claims for vexatious refusal to pay pursuant to Section 155 are preempted by ERISA. **Burns v. American United Life Ins. Co.**, 2006 U.S. Dist. LEXIS 46126 *20-21 (S.D. Ill. 2006) (collecting cases).

10. In Count III Plaintiff alleges that Defendant acted in a "willful and wanton" manner in purportedly refusing to process her application for benefits and as a result seeks compensatory and punitive damages. Defendant moves the Court to strike Count III in its entirety because Plaintiff's request for extracontractual relief is outside the scope of the exclusive remedies set forth in Section 502(a)(1)(B) of ERISA. **Davila**, 542 U.S. 200, 124 S.Ct. at 2495 (internal citations omitted), **Pilot Life**, 481 U.S. at 54.

11. In Count IV, Plaintiff alleges tortious interference by Defendant's employees with a purported vested contractual right between Plaintiff and an unidentified third party disability "insurance carrier". Once more, Plaintiff's state common law tort claim based on tortious interference with contract is preempted by ERISA. **Pilot Life**, 481 U.S. at 54, **Maciosek v. Blue Cross & Blue Shield**, 930 F.2d 536, 538-540 (7th Cir. 1991), **Tomcyzk**, 951 F.2d at 776-77.

12. Moreover, it is well-established in the Seventh Circuit that there is no right to a jury trial on a denial of benefits claim governed by Section 502(a)(1)(B) of ERISA. **Brown v.**

**Retirement Committee of the Briggs & Stratton Retirement Plan**, 797 F.2d 521, 526-28 (7th Cir. 1986), **Pruett**, 2005 U.S. Dist. LEXIS 19458 (S.D. Ind. 2005). As such, Defendant moves to strike Plaintiff's demand for a jury trial.

WHEREFORE, Defendant respectfully requests that this Court enter an Order (1) striking all references to and requests for relief pursuant to state law from Count I of Plaintiff's Complaint, specifically striking paragraphs 5, 7, 8, 12, 13, 15 and 16 and all references to 735 ILCS 5/2-701, and recharacterizing Count I as a Section 502(a)(1)(B) denial of benefits claim, (2) striking Counts II through IV in their entirety, and (3) striking Plaintiff's demand for a jury trial and for such further relief as this Court deems just and proper.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.


By:  /s/Amy L. Blaisdell_____
    Edward S. Bott     #3126866
    Julie L. Waters    #6276127
    Amy L. Blaisdell   #6276380
    10 S. Broadway, Suite 2000
    St. Louis, MO 63102
    T:  314-241-9090
    F:  314-241-3643
    esb@greensfelder.com
    jlw@greensfelder.com
    apb@greensfelder.com

### CERTIFICATE OF SERVICE

I certify that on September 15, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following:  Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL 62056.

 /s/Amy L. Blaisdell_____