IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:06-cv-03130-JES-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### **LEGAL MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

COMES NOW Defendant Brake Parts Inc., improperly named in the Complaint as Affinia Brake Parts, Inc. ("Brake Parts" or "Defendant"), by and through counsel, pursuant to Fed. R. Civ. P. 12(f), and for its Legal Memorandum in Support of its Motion to Strike states:

### I.  STATEMENT OF FACTS

Plaintiff, Frances L. Daugherty ("Daugherty"), instituted this civil action in the Circuit Court of Montgomery, Illinois, on or about April 26, 2006. Brake Parts removed this action to federal court because on the face of her Complaint Plaintiff seeks the payment of short-term and long-term disability benefits pursuant to an ERISA governed employee welfare benefit plan. As such, this action was removed pursuant to the doctrine of complete preemption under Section 502(a)(1)(B) of ERISA, 29 U.S.C. Section 1132(a)(1)(B).

Plaintiff objected to Defendant's removal. On August 14, 2006, this Court overruled Plaintiff's objections and found that this action was properly removed, stating, "[E]ven under Plaintiff's narrow characterization, the Court finds that her claims fall within the scope of ERISA preemption based on the relief she seeks. . . . Plaintiff is expressly seeking to recover benefits due under the terms of an ERISA-governed plan." 2006 U.S. Dist. LEXIS 56728 at *6.[1]

---

[1] The Court denied Plaintiff's Motion to Reconsider on September 12, 2006.

Defendant now moves this Court to: (1) Strike all references to and requests for relief pursuant to state law from Count I of Plaintiff's Complaint and recharacterize Count I as an ERISA Section 502(a)(1)(B) denial of benefits claim, (2) Strike Counts II through IV in their entirety as the claims asserted in each Count and the relief sought are preempted by ERISA, and (3) Strike Plaintiff's demand for a jury trial, as jury trials are not permitted in connection with claims arising under Section 502(a)(1)(B) of ERISA.

## II.    ARGUMENT

**A.    Count I should be recharacterized as a Section 502(a)(1)(B) claim for benefits; Paragraphs 5, 7, 8, 12, 13, 15 and 16 should be stricken as they assert claims premised on common law duties which are preempted.**

In Count I of her Complaint, Plaintiff requests that the Court enter a declaratory judgment pursuant to 735 ILCS 5/2-701, construing the terms of the employer sponsored employee welfare benefit plan, determining that coverage exists, and ordering Defendant to pay her short-term and long-term disability benefits. Plaintiff further alleges in Paragraphs 5, 7, 8, 12, 13, 15 and 16 of Count I that as her employer Defendant owed Plaintiff a common law duty of fair and equitable dealing in good faith and a fiduciary duty and breached these common law duties.

1.    As this Court has already found, Plaintiff's claims are completely preempted by Section 502(a)(1)(B) of ERISA. The Seventh Circuit has recognized: "claims by a beneficiary for wrongful denial of benefits (**no matter how they are styled**) have been held by the Supreme Court to 'fall [] directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.'" **Vallone v. CNA Fin. Corp**., 375 F.3d 623, 638 (7th Cir. 2004) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987)). As such, Defendant moves this Court to strike the references to 735 ILCS 5/2-701 and to recharacterize Count I as a denial of benefits claim pursuant to Section 502(a)(1)(B) of ERISA. **See Pruett v. Anthem Ins. Co.,** 2005 U.S. Dist. LEXIS (S.D. Ind. 2005). Defendant further moves this Court

to strike Paragraphs 5, 7, 8, 12, 13, 15 and 16, because these paragraphs, which allege state common law tort claims based on a "duty of fair and equitable dealing in good faith" and a breach of "fiduciary duty" are nothing more than an effort to plead around ERISA preemption. **Tomcyzk v. Blue Cross & Blue Shield**, 951 F.2d 771, 776-77 (7th Cir. 1991). The United States Supreme Court has held clearly held that ERISA preempts "state common law tort and contract actions, including bad faith claims." **Aetna Life Inc. v. Davila**, 542 U.S. 200, 208 (2004); **Pilot Life Ins. v. Dedeaux**, 481 U.S. 41, 57 (1987).

**B.     Counts II, III and IV are preempted by ERISA and should be stricken.**

   **1.     Count II – 215 ILCS § 5/155**

In Count II of the Complaint, Plaintiff alleges that Defendant acted in an "unreasonable and vexatious" manner in purportedly discontinuing Plaintiff's employment and denying benefits. Plaintiff seeks attorneys fees and a penalty pursuant to the Illinois Insurance Code, 215 ILCS § 5/155. Defendant moves the Court to strike Count II in its entirety as all courts considering the issue have uniformly held that claims for vexatious refusal to pay pursuant to Section 155 are preempted by ERISA because "allowing Plaintiff to assert a claim under Section 155 of the Illinois Insurance Code would almost certainly undermine ERISA's explicit enforcement procedures." **Burns v. American United Life Ins. Co.**, 2006 U.S. Dist. LEXIS 46126 *20-21 (S.D. Ill. 2006) (collecting cases) ("Section 155 of the Illinois Insurance Code allows for remedies specifically rejected in ERISA.")[2]

---

[2] Defendant further moves to strike this allegation on the basis that Defendant is not an insurance company and as such is not governed by the Illinois Insurance Code. Moreover, the Plan is not an insured Plan. Rather the Plan specifies that Dana Benefits and Payroll Services is the Claims Payor. Brake Parts Inc. was purchased from Dana Corporation by AAG OPCO in November 2004. AAG OPCO Corp. was subsequently renamed Affinia Group Inc. The HealthWorks Plan remained in effect through December 31, 2005. (HealthWorks Plan, p. 65).

### 2. Count III – Compensatory and Punitive Damages.

Count III of the Complaint is substantially similar to Count II. Plaintiff alleges that Defendant acted in a "willful and wanton" manner in purportedly refusing to process her application for benefits and as a result seeks compensatory and punitive damages. Defendant moves the Court to strike Count III in its entirety because Plaintiff's request for extracontractual relief is outside the scope of the exclusive remedies set forth in Section 502(a)(1)(B) of ERISA. Section 502 of ERISA, 29 U.S.C. 1132, sets forth a detailed enforcement scheme and an exclusive set of remedies. As the United States Supreme Court has explained repeatedly:

> The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be complete undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. "The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted . . . provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."

**Aetna Health, Inc. v. Davila**, 542 U.S. 200, 124 S.Ct. 2488, 2495 (2004) (internal citations omitted), **Pilot Life Ins. Co. v. Dedeaux**, 481 U.S. 41, 54 (1987).

### 3. Count IV – Tortious Interference with Contract

In Count IV, Plaintiff alleges tortious interference by Defendant's employees with a purported vested contractual right between Plaintiff and an unidentified third party disability "insurance carrier". Notably, the Plan is not underwritten by an insurance carrier. In any event, in **Pilot Life**, 481 U.S. at 57, the Supreme Court held that common law tort causes of action were preempted when the claims were based on the failure to pay benefits under an employee benefit plan. Consistent with the Supreme Court's holding in **Pilot Life**, the Seventh Circuit has long since held that ERISA preempts state common law tort claims based on tortious interference with contract. **Maciosek v. Blue Cross & Blue Shield**, 930 F.2d 536, 538-540 (7th Cir. 1991) ("The state law causes of action alleged by the Macioseks obviously are preempted under the

Supreme Court's construction of ERISA."), **Tomcyzk v. Blue Cross & Blue Shield**, 951 F.2d 771, 776-77 (7th Cir. 1991).

C.   **Plaintiff is not entitled to trial by jury.**

Finally, Defendant moves to strike Plaintiff's request for a jury trial because the Seventh Circuit has long since held that there is no right to a jury trial on a denial of benefits claim governed by Section 502(a)(1)(B) of ERISA. **Brown v. Retirement Committee of the Briggs & Stratton Retirement Plan**, 797 F.2d 521, 526-28 (7th Cir. 1986), **Pruett**, 2005 U.S. Dist. LEXIS 19458 (S.D. Ind. 2005).

WHEREFORE, Defendant respectfully requests that this Court enter an Order (1) striking all references to and requests for relief pursuant to state law from Count I of Plaintiff's Complaint, specifically striking paragraphs 5, 7, 8, 12, 13, 15 and 16 and all references to 735 ILCS 5/2-701, and recharacterizing Count I as a Section 502(a)(1)(B) denial of benefits claim, (2) striking Counts II, III and IV in their entirety, and (3) striking Plaintiff's demand for a jury trial and for such further relief as this Court deems just and proper.

    Respectfully submitted,

    GREENSFELDER, HEMKER & GALE, P.C.

By: _/s/Amy L. Blaisdell_____
    Edward S. Bott     #3126866
    Julie L. Waters     #6276127
    Amy L. Blaisdell  #6276380
    10 S. Broadway, Suite 2000
    St. Louis, MO 63102
    T:  314-241-9090
    F:  314-241-3643
    esb@greensfelder.com
    jlw@greensfelder.com
    apb@greensfelder.com

    ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I certify that on September 15, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following: Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL 62056.

                                                            /s/Amy L. Blaisdell