E-FILED
Friday, 06 October, 2006  03:33:19 PM
Clerk, U.S. District Court, ILCD

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT**
**MONTGOMERY COUNTY, ILLINOIS**

| | |
|---|---|
| FRANCES L. DAUGHERTY,           ) | |
|                                 ) | |
|     Plaintiff,                  ) | |
|                                 ) | |
| v.                              ) | No.:   06-cv-3130 |
|                                 ) | |
| AFFINIA GROUP INC., a/k/a DANA, ) | |
| a/k/a BRAKE PARTS, a/k/a AFFINIA ) | |
| BRAKE PARTS,                    ) | |
|                                 ) | |
|     Defendant.                  ) | |

## AMENDED COMPLAINT

### COUNT I – Tortious Interference with a Contract

   Now comes the Plaintiff, Frances L. Daugherty, by and through her attorney, Peter C. Drummond, and complains against the Defendant, Affinia Brake Parts, Inc., and for Count I of her Amended Complaint for Tortious Interference with a Contract states as follows:

1. The Plaintiff herein, Frances L. Daugherty, is an individual person capable of suing and being sued.

2. At all times herein, the Defendant was a corporation registered to transact business in the State of Illinois and licensed to do all things necessary including develop personnel codes and employee benefit plans and did, in fact, write same and enforce same in Litchfield, Montgomery County, Illinois.  That as part and parcel of Defendant's benefit plan there was enacted an employee benefit booklet, copy of which is included as Exhibit A, which constitutes a valid and enforceable contract (the contract).

3. That Plaintiff herein began working for Defendant on or about May 8, 1981 at which time an employer/employee relationship commenced.

4. That said fiduciary duty required Defendant to reasonably forward applications and other supporting documents and claims made by Plaintiff.

5. That under the common law, the statutes of Illinois and Employee's Handbook did create a fiduciary duty between said Defendant and Plaintiff herein and employee and employer employment contract gave rise to a fiduciary relationship.

6. That Plaintiff herein was terminated from employment on or about January 20, 2005 by Defendant because of alleged production cutbacks.

7. That Plaintiff has personally and in writing requested of Defendant an application/petition so she may apply/file for disability insurance prior to leaving employment.

8. That Defendant had a duty to provide an application/petition to Plaintiff so she could then apply/file for disability insurance and forward same onto HealthWorks so a determination could be made as to entitlement to benefits.

9. That Defendant was aware of a third party relationship with HealthWorks constituting a valid and enforceable contract between Plaintiff and another.

10. That Defendant was aware of this contractual relationship with Plaintiff and HealthWorks.

12. Defendant intentionally interfered with and thereby breached said contract by refusing to give Plaintiff an application and refused to forward same onto HealthWorks.

13. Defendant's intentional inducement of a breach of this contract caused a subsequent breach by the other in that Defendant failed to provide a valid application from which Plaintiff could file a claim with HealthWorks; and Defendant refused to, in any way, submit that application to HealthWorks.

14. That as a consequence, damage to Plaintiff has resulted in that Plaintiff could not file an application/claim specifically because of Defendant's tortious interference with the employment contract and omissions and was subsequently forced to hire counsel.

WHEREFORE, the Plaintiff respectively prays that this Honorable Court

1. Assess damages against Defendant and for Plaintiff in excess of $50,000.00;
2. Award attorney's fees and court costs;
3. Award punitive damages in excess of $50,000.00;
4. Award any other relief this Court deems just and proper.

## **COUNT II – Tortious Interference with Prospective Advantage**

Now comes the Plaintiff, Frances L. Daugherty, by and through her attorney, Peter C. Drummond, and for Count II of her Amended Complaint for Tortious Interference with Prospective Advantage states as follows:

1-11.  Plaintiff realleges and incorporates paragraphs 1 through 11 of Count I in Count II of her Amended Complaint.

12.  Plaintiff had a reasonable expectation that she would enter into a valid business relationship with HealthWorks as she was disabled by applying for benefits.

11.  Defendant had knowledge that Plaintiff expected to enter into a business relationship with HealthWorks at the time she was told she needed surgery, shortly before her employment ended.

12.  Defendant had knowledge Plaintiff intended to fill out a disability application and form a relationship with HealthWorks as Plaintiff informed Defendant of same.

13.  Defendant purposefully interfered with Plaintiff's interest in establishing a relationship with HealthWorks in that Defendant would not tell Plaintiff or her attorney who Defendant's disability insurer was, or to provide her with a valid application, nor forward same on to HealthWorks.

14.  Plaintiff was damaged in that she was not able to establish a business relationship with HealthWorks, which would have been in Plaintiff's best interest financially

WHEREFORE, the Plaintiff respectively prays that this Honorable Court

1. Assess damages against Defendant and for Plaintiff in excess of $50,000.00;
2. Award attorney's fees and court costs;
3. Award punitive damages in excess of $50,000.00;
4. Award any other relief this Court deems just and proper.

## COUNT III – Breach of Covenant of Good Faith and Fair Dealing

Now comes the Plaintiff, Frances L. Daugherty, by and through her attorney, Peter C. Drummond, and for Count III of her Amended Complaint for Breach of Covenant of Good Faith and Fair Dealing states as follows:

1-11.  Plaintiff realleges and incorporates paragraphs 1 through 11 of Count I and Count II in Count III of her Amended Complaint.

12.  Every contract governed by Illinois Law has an implied covenant of good faith and fair dealing.  Where an employers conduct goes beyond a mere breach of contract and enters into bad faith, where, as here, Defendant failed to supply a valid application and submit that application to HealthWorks in violation of Plaintiff's contractual rights.

13.  That Plaintiff has performed all required conditions under her employment contract with Affinia.

14.  That there was in existence a common law duty of fair and equitable dealing and good faith on the part of Defendant and Defendant stood in a fiduciary relationship to Plaintiff.

15.  Defendant had a duty to properly forward claims and act in good faith in compliance with the employment contract.

16.  That Defendant herein did act in a willful, malicious manner totally devoid of good faith by refusing to forward Plaintiff's application/claim despite being repeatedly asked to so by the Plaintiff herein.

WHEREFORE, Plaintiff prays this Honorable Court

1. Assess damages against Defendant and for Plaintiff in excess of $50,000.00;
2. Award attorney's fees and court costs;
3. Award punitive damages in excess of $50,000.00;
4. Award any other relief this Court deems just and proper.

DRUMMOND LAW LLC

By: s/ Peter C. Drummond
Peter C. Drummond

Peter C. Drummond  -- 0680699
DRUMMOND LAW LLC
703 W. Union, Suite 3
P.O. Box 130
Litchfield, IL  62056
Phone:  217/324-2323