IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:06-cv-03130-JES-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

COMES NOW Defendant Brake Parts Inc., improperly named in the Complaint as Affinia Brake Parts, Inc. ("Brake Parts" or "Defendant"), by and through its undersigned counsel, and for its Response to Plaintiff's Motion to Amend Complaint states the following:

**I.  FACTS**

Plaintiff, Frances L. Daugherty ("Daugherty"), instituted this civil action in the Circuit Court of Montgomery, Illinois, on or about April 26, 2006.  (Complaint, E-Doc. No. 1, Ex. A). Brake Parts removed this action to federal court pursuant to the doctrine of complete preemption under Section 502(a)(1)(B) of ERISA, 29 U.S.C. Section 1132(a)(1)(B), because Plaintiff's complaint was – in reality – a poorly plead claim for benefits pursuant to an ERISA-governed employee welfare benefit plan.  (Notice of Removal, E-Doc. No. 1).

Plaintiff objected to Defendant's removal, asserting that her claims existed outside of ERISA because she purportedly sought relief for failure to provide or process an application, rather than disability benefits (Objection to Removal, E-Doc. No. 8).  On August 14, 2006, this Court overruled Plaintiff's objections, stating, "[E]ven under Plaintiff's narrow characterization, the Court finds that her claims fall within the scope of ERISA preemption based on the relief she seeks. . . . Plaintiff is expressly seeking to recover benefits due under the terms of an ERISA-governed plan."  (Order, E- Doc. No. 11).

Plaintiff filed a Motion to Reconsider on August 16, 2006, trying once more to place her claim outside of ERISA by alleging that her claims were not preempted by ERISA because she had chosen to sue her employer, a non-fiduciary. Defendant responded on August 30, 2006 explaining that regardless of whether Plaintiff had sued the correct defendant in her lawsuit, the Plaintiff's lawsuit was unmistakably a poorly plead claim for ERISA benefits and thus was preempted. Regardless of who Plaintiff had sued, her claims necessarily required a finding that she was an eligible participant under the ERISA Plan, and thus the claims were preempted. This Court denied Plaintiff's Motion to Reconsider on September 12, 2006. (E-filed Doc. No. 14).

On September 15, 2006, Defendant file its Answer and a Motion to Strike all references to and requests for relief pursuant to state law on the basis of ERISA preemption. Defendant also moved to strike Plaintiff's demand for a jury trial. (E-filed Docs. 15 – 17). Plaintiff's Response to the Motion to Strike was due on October 2, 2006. (CDIL-LR 7.1B). Plaintiff did not file a response.

Instead, on October 6, 2006, Plaintiff filed her Motion to Amend (E-Doc. No. 18), along with a proposed Amended Complaint (E-Doc. No. 19), in which Plaintiff once again attempts to circumvent ERISA by masking her ERISA claims as tortious interference claims. Specifically, Plaintiff's proposed Amended Complaint includes "Count I – Tortious Interference with a Contract" and "Count II – Tortious Interference with Prospective Advantage". (E-Doc. No. 19).

Defendant respectfully moves this Court to deny Plaintiff's Motion for Leave to Amend because as this Court has already found – and as Plaintiff is surely aware by this point – the relevant law clearly and unequivocally provides that Plaintiff's tortious interference claims are preempted by ERISA.

### III. ARGUMENT

In her proposed Amended Complaint, Plaintiff once again asserts that in connection with her employment with Defendant, she participated in an employee welfare benefit plan sponsored by her employer. (Proposed Amended Complaint, ¶ 2). Plaintiff does not contend that the employer sponsored plan was not an employee welfare benefit plan governed by ERISA. Yet, Plaintiff now asserts that she had either a "contractual" right to disability benefits or a "prospective advantage" to disability benefits, with which Defendant interfered when it purportedly refused to process her application for disability benefits. (Proposed Amended Complaint, Counts I & II).

Plaintiff's proposed Amended Complaint merely attempts to reassert the very claims that this Court found to be preempted in its Order of August 14, 2006. Although Plaintiff's proposed Amended Complaint now seeks damages, rather than expressly seeking disability benefits, the United States Supreme Court has repeatedly held that a plaintiff cannot artfully plead around her ERISA claims by selecting a remedy outside of ERISA's exclusive remedies contained in Section 502(a)(1)(B). **Aetna Health Inc. v. Davila**, 542 U.S. 200, 124 S.Ct. 2488, 2495 (2004); **Pilot Life Ins. Co. v. Deadeaux**, 481 U.S. 41, 54 (1987).

Clearly in order to award Plaintiff any relief in this case, the Court would have to find that Plaintiff was an eligible participant in the STD and LTD plans when she purportedly became disabled in January of 2005. Otherwise, Plaintiff would have no "right" to have her application processed. Because a judgment in this case necessarily requires a direct interpretation of the HealthWorks Plan – an employer sponsored employee welfare benefit plan – and a finding that Plaintiff was an eligible participant entitled to benefits under the terms of the Plan, Plaintiff's claims are preempted by ERISA.

In this regard, the United States Supreme Court has repeatedly held that ERISA preempts common law tort and contract claims alleging improper processing of a claim for benefits. **Pilot Life**, 481 U.S. at 57; **Smith v. Blue Cross & Blue Shield**, 959 F.2d 655, 657 (7th Cir. 1992). Likewise, federal common law reflects that state law tort and contract claims arising out of a refusal to process an application for ERISA benefits are likewise preempted. **See, e.g. Tabron v. Colgate-Palmolive**, 881 F. Supp. 513-16 (D. Kan. 1995) (state law claims alleging that application for disability benefits under the employer's benefit plan was not timely processed or filed by her employer held preempted); **Roeder v. Chemrex Inc. and Unum Life Ins. Co. of Am.**, 863 F. Supp. 817, 822 (E.D. Wis. 1994) (same). As such, the claims in the proposed Amended Complaint are preempted and Plaintiff's Motion to Amend should be denied.

WHEREFORE, Defendant respectfully requests that this Court enter an Order denying Plaintiff's Motion to Amend Complaint, striking the Amended Complaint (E-Doc. No. 19) from the docket, awarding Defendant its attorneys' fees and costs associated with responding to Plaintiff's Motion, dismissing this lawsuit with prejudice, and for such further relief as this Court deems just and proper.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/Amy L. Blaisdell
Edward S. Bott    #3126866
Julie L. Waters   #6276127
Amy L. Blaisdell  #6276380
10 S. Broadway, Suite 2000
St. Louis, MO 63102
T: 314-241-9090
F: 314-241-3643
esb@greensfelder.com
jlw@greensfelder.com
apb@greensfelder.com

919161                                                 4

## CERTIFICATE OF SERVICE

      I certify that on October 19, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following: Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL  62056.

                                         /s/Amy L. Blaisdell