IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FRANCES L. DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3130 |
| ) | |
| AFFINIA BRAKE PARTS, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Frances L. Daugherty's Motion to Amend Complaint (d/e 18) (Motion to Amend). As set forth below, the Motion to Amend is denied.

In April 2006, Daugherty filed the instant Complaint in Montgomery County (Illinois) Circuit Court. Notice of Removal (d/e 1), Ex. B, Complaint. Defendant Affinia Brake Parts, Inc. (Brake Parts) filed a Notice of Removal on June 22, 2006.[1] Daugherty filed an Objection to Removal (d/e 8), which the Court overruled in an Opinion (d/e 11) dated August 14,

---

[1] Defendant asserts that it is improperly named in the Complaint and that its proper name is Brake Parts, Inc.

1

2006. The Court held that removal was proper because Daugherty's Complaint fell within the scope of the Employee Retirement Income Security Act of 1971 (ERISA). Daugherty filed a Motion for Reconsideration (d/e 12), which the Court denied. Opinion, dated September 12, 2006 (d/e 14).

On September 15, 2006, Defendant Brake Parts filed a Motion to Strike (d/e 16), asking the Court to strike the following portions of the Complaint: (1) Daugherty's references to state law in Count I, (2) Counts II through IV, and (3) Daugherty's jury demand. Daugherty did not file a response to the Motion to Strike. However, on October 6, 2006, Daugherty filed her Motion to Amend and an Amended Complaint (d/e 19).[2] Daugherty seeks leave of Court to amend her Complaint pursuant to Fed. R. Civ. P. 15(a).

After a responsive pleading is served, a complaint can be amended only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend "shall be freely granted when justice so

---

[2]Although Daugherty docketed her Amended Complaint electronically as a separate document, she recognizes that, because Defendant has filed an Answer (d/e 15), she may not amend as a matter of course at this point in the lawsuit. See Fed. R. Civ. P. 15(a).

requires;" however, the district court need not allow a party to amend when the proposed amendment would be futile. Fed. R. Civ. P. 15(a); Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 860-61 (7th Cir. 2001). A proposed amendment is futile if it would not withstand a motion to dismiss. Vargas-Harrison v. Racine Unified School Dist., 272 F.3d 964, 974 (7th Cir. 2001).

Daugherty's proposed amendments would be futile. Her Amended Complaint contains three state law claims: tortious interference with a contract (Count I), tortious interference with prospective advantage (Count II), and breach of covenant of good faith and fair dealing (Count III). Each of these claims would be preempted by ERISA, a federal statute that completely preempts state-law causes of action. See Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Id. at 209. A state law claim is preempted by ERISA if an employer maintained an ERISA plan and the plaintiff's claim "relates to" that plan. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990). In resolving the question of preemption, the

Court must determine whether the purported claim relates to any employee benefit plan.  <u>Pilot Life Insurance Company v. Dedeaux</u>, 481 U.S. 41, 45 (1987).  The phrase "relates to" is given a broad, common-sense meaning – a claim "'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."  <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85, 96-97 (1983).

In the present case, each of the claims in the proposed Amended Complaint relates to Defendant's ERISA-governed employee benefit plan (the Plan).  In Daugherty's proposed Count I, she asserts that Defendant breached its duty to provide her with a disability insurance application and to forward her application to the Plan.  Daugherty asserts that, through this conduct, Defendant intentionally interfered with a valid contract between herself and the Plan.  In the proposed Count II, Daugherty alleges that she had a reasonable expectation of entering into a valid business relationship with the Plan.  Daugherty asserts that Defendant purposefully interfered with her attempt to enter into a business relationship with the Plan.  Finally, in the proposed Count III, Daugherty alleges that Defendant breached its duty to properly forward claims to the Plan.  Each of the proposed claims is clearly connected to Defendant's ERISA-governed plan.

Indeed, the resolution of Daugherty's proposed claims would necessarily involve interpretation of the Plan. Thus, Daugherty's proposed state law claims would fall within the scope of ERISA-preemption and would not withstand a motion to dismiss. Therefore, Daugherty's Motion to Amend is denied as futile.

In its response to Daugherty's Motion to Amend, Defendant Brake Parts asks the Court to sanction Plaintiff for filing a frivolous motion by: (1) awarding Defendant its attorney's fees and costs associated with responding to the Motion to Amend and (2) dismissing the lawsuit with prejudice. Defendant does not cite authority for its requests, and the Court notes that there is no indication that Defendant complied with the requirements of Fed. R. Civ. P. 11(c)(1) before filing its request for sanctions. Moreover, the Court, in its discretion, does not believe that sanctions of this nature are warranted at this point. Therefore, Defendant's request for sanctions is denied.

THEREFORE, Plaintiff Frances L. Daugherty's Motion to Amend Complaint (d/e 18) is DENIED. The Amended Complaint (d/e 19) is STRICKEN. Daugherty is granted leave to file a response to Defendant's Motion to Strike (d/e 16) on or before November 13, 2006. If she fails to

do so, the Court will assume she has no objection to Defendant's requests.

IT IS THEREFORE SO ORDERED.

ENTER:   October 31, 2006.

FOR THE COURT:

                    s/ Jeanne E. Scott
                 JEANNE E. SCOTT
              UNITED STATES DISTRICT JUDGE