## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| FRANCES L. DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No:    06-3130 |
| ) | |
| AFFINIA BRAKE PARTS, INC. ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO STRIKE

   NOW COMES Plaintiff, Francis Daugherty, by and through counsel, and for its Answer and Objection to Defendant's Motion to Strike states as follows:

   1.   Plaintiff asserts that she has a right to re-plead and amend her complaint, as previously denied by this Court. The Honorable Judge Scott specifically indicated in her original opinion dated September 12, 2006 that Plaintiff did not try to amend her complaint so that she could stay in State Court.

   2.   Plaintiff then filed a Motion to Amend her Complaint, in an attempt to provide an "artfully drafted" complaint, free of defects, which were argued as reasons for removal by defendant in the first instance and which was denied by the Honorable Judge Scott on October 31, 2006.

   3.   Plaintiff argues that she does have a right to amend her complaint and such motion should have been granted. Judge Scott indicated that amendments shall be "liberally granted" when "justice so requires", but then found that this amendment would be futile as it would not withstand a motion to dismiss.

   4.   We feel this is incorrect due to the fact that Plaintiff does not seek benefits from the fund/plan. Plaintiff also feels the need to reiterate this point and in order to preserve error for appeal, it is necessary to re-plead and amend her complaint to assert purely state law and not ERISA claims.

   5.   Plaintiff takes the position that this case was initially properly filed in State Court and is not governed by ERISA. Additionally, Plaintiff's motion to amend corrected any deficiencies the first Complaint may have had and therefore removal was improper.

6. Plaintiff does not seek disability benefits, but instead seeks damages, both punitive and compensatory, as well as attorney's fees because "Brake Parts" employees refused to give Plaintiff an application for disability benefits, they also refused to file same on the grounds that she was not entitled to said benefits because she was given a severance package in lieu of other benefits. The severance contract specifically indicates Plaintiff would still be entitled to other elected benefits. The Defendant in this case does not have the power to award benefits, and we are not suing the Plan for benefits, as clarified by our Amended Complaint.

7. Plaintiff feels that this case does not fall under ERISA and as such should not be limited to remedies that ERISA offers, as these would not compensate the Plaintiff for her damages, and likely would not award the Plaintiff's attorney fees.

8. Plaintiff believes that all of Defendant's counts in their motion to strike are incorrect. Defendant argues that paragraphs 5, 7, 8, 12, 13, 15, and 16 should be stricken from the complaint because they are state law claims or remedies not available under ERISA. Defendant repeatedly indicates that our complaint should be re-characterized as an ERISA action based on denial of benefits. Plaintiff was never denied benefits, Plaintiff never applied for benefits, and Plaintiff is not asking for benefits, as stated in her Amended Complaint. Plaintiff asks for damages against Brake Parts, not the "Plan" nor it's administrators.

9. As to paragraph 4 of Defendant's Motion to Strike, Plaintiff contends that the Court improperly removed this action to Federal Court. Plaintiff contends that this action does not fall under ERISA and is not a denial of benefits. The employee's of Brake Parts would not give nor process application for same, and in refusing to do so breached several duties, including a fiduciary duty, contractual duty, and breached their duty of good faith as previously plead in the Complaint. Plaintiff attempted to re-plead/amend the initial complaint to clarify the relief that is sought, but the Court improperly denied this motion, even though we believe it should have been granted in the interest of justice. Fed. R. Civ. P. 15(a).

10. Regarding paragraph 7 of Defendant's Motion to Strike, Plaintiff contends that her claims are not preempted by ERISA section 502(a)(1)(B) as Defendant contends. Plaintiff requests that the Court not recharacterize Count 1 as a denial of benefits claim because the Claimant was not denied benefits and her claims are purely state law claims, not ERISA claims. Plaintiff requests that the previous motion to amend be granted so Plaintiff may clarify the relief she seeks which does not fall under ERISA.

11. Pursuant to paragraph 8 in Defendant's motion to strike, Plaintiff contends that these are state common law tort claims based on a "duty of fair and equitable dealing in good faith" and breach of a common law "fiduciary duty", and not merely an effort to plead around ERISA, but are truly state law claim, not preempted.

12. Paragraph 9 of Defendant's Motion to Strike contends that Plaintiff seeks attorney's fees and a penalty pursuant to Illinois Insurance Code, 215 ILCS section 5/155. Plaintiff contends that this Court should not strike Count II in its entirety based on Defendant's argument that courts have uniformly held that claims for vexatious refusal to pay pursuant to Section 155 are preempted by ERISA. Defendant misconstrues Plaintiffs prayer for relief. Plaintiff is not contending that there was a vexatious refusal to pay, but that Brake Part's employees vexatiously refused to allow Plaintiff to fill out an application for benefits, and refused to forward same on to the "Plan". Plaintiff does not seek to sue the "Plan", but seeks to sue Brake Parts for refusing to allow Plaintiff to have an application, and refused to forward same onto the proper parties.

13. Paragraph 10 of Defendant's Motion to Strike contends that Plaintiff's Count III should be stricken because it falls under ERISA. Plaintiff argues that Count III does not fall under ERISA because refusing to process or give Plaintiff an application for benefits is not a denial of benefits and is a state law claim, therefore does not fall under ERISA.

14. Paragraph 11 of Defendant's Motion to Strike alleges that Plaintiff's Count IV should be stricken because it falls under ERISA, as it is a state common law tort claim based on tortuous interference with contract and therefore is preempted by ERISA. This is not preempted by ERISA because this cause of action should be in State Court as it is not characterized as a denial of benefits claim.

15. Paragraph 12 of Defendant's Motion to Strike contends that there is no right to a jury trial on a denial of benefits claim governed by ERISA. Plaintiff contends that this claim is not governed by ERISA and is not a denial of benefits claim. In State Court, where we feel we should be, there is a right to a jury trial as previously requested in our original Complaint.

16. Additionally, Defendant specifically states in their Answer to Plaintiff's Complaint that they deny that the Plaintiff is or was eligible for short-term or long-term disability benefits under the terms of the "Plan", but does not indicate the reasons therefore. They never allowed the Plaintiff to apply for nor submit an application to the "Plan" to determine if she was in fact eligible. They simply concluded that she was not before processing an application and letting the "Plan" determine if she was eligible. Brake Parts

breached their contract in doing so as well as their fiduciary duty owed to their employees.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order

1. Denying Defendant's Motion to Strike;
2. Allow Plaintiff's amended complaint to be granted based on the above reasoning and law set forth in the Amended Complaint;
3. Allow Plaintiff to proceed in State Court and on its state law claims; and
4. Award any other relief which the Court deems proper.

                Respectfully Submitted,

Dated: 11/9/06

By: s/Peter C. Drummond
Peter C. Drummond
DRUMMOND LAW LLC
703 W. Union, Suite 3
P.O. Box 130
Litchfield, IL 62056
Phone: 217/ 324-2323
Fax: 217/ 324-4474
drummondlaw@consolidated.net

## Certificate of Service

I hereby certify that on November 9, 2006, I electronically filed Plaintiff's Response to Defendant's Motion to Strike with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

Amy Blaisdell
Edward S. Bott
Julie L. Waters
Greensfelder, Hemker & Gale PC
Suite 2000
10 S. Broadway
St. Louis, IL  63102

    Respectfully submitted,
    s/Peter C. Drummond
    Peter C. Drummond,  #0680699
    Drummond Law LLC
    703 W. Union, Suite 3
    P.O. Box 130
    Litchfield, IL  62056
    Phone:  217/ 324-2323
    Fax:     217/ 324-4474
    drummondlaw@consolidated.net