**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| FRANCES L. DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No:    06-3130 |
| ) | |
| AFFINIA BRAKE PARTS, INC. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE**

Now comes, Frances Daugherty, by and through her attorneys, Drummond Law LLC, and in response to Defendant's Motion to Strike states as follows:

**Plaintiff's Position**

Plaintiff, Frances Daugherty, initially filed this claim, not against the benefit plan, but against her employers directly because they refused to process her benefit application. No remedies are prayed for from the benefit plan as clarified in the Amended Complaint, but damages were requested from the named defendant corporate entity, "Brake Parts".

Pursuant to that, a complaint was filed and subsequently removed to the Federal Court and a prior decision dated September 12, 2006 was rendered by this Court finding that the removal was proper and the claim fell under ERISA. One of the significant notations in the Court's decision in making that finding was that no Amended Complaint had been filed.

Thereafter Plaintiff filed an Amended Complaint and a Petition for the Court to allow same.

Plaintiff feels that this Amended Complaint cures any defects that might have been present in the original Complaint that precipitated removal under ERISA.

Plaintiff herein has taken the position that under Fed. R. Civ. P. 15(a) mentioned in the Judge's Order, which states leave to amend "shall be freely granted when justice so requires", necessitates a finding that the Amended Complaint should have been allowed. We do not feel our amendment would be futile, and believe it would withstand a motion to dismiss.

The above referenced rule refers to liberality in pleading. In this particular case a well-pleaded Complaint is critical since we feel that the current allegations in the Amended Complaint clearly remove it from the realm of ERISA.

The Amended Complaint clearly attacks the actions of the corporate defendant singly by stating they failed to perform a ministerial act, which interfered and prevented the Plaintiff from having her claim processed by the employees pension plan.

In the event that this Court would rule that removal is not proper under the original Complaint, it is still proper under the Amended Complaint, it is incumbent for Plaintiff herein to have filed same and actively pursued same so as to preserve the record on appeal and to preserve the issue for appeal.

**Ministerial Acts:**

As noted in the Amended Complaint, the cause of action is aimed solely against the corporate entity for failing to perform their ministerial tasks and asks for damages solely against the corporate entity. As previously stated, ministerial acts are exempt from ERISA.

Ministerial acts, as treated by the court system, are reflected in a vast number of cases and are normally defined as simple, non-discretionary functions such as forwarding an application to the proper parties. In <u>Schmidt v. Sheet Metal Worker's National Pension Fund and Sheet Metal Worker's National Pension Fund Board of Trustees,</u> 128 Fed. 3rd 541 (7th Cir. 1997) the court stated "but only a fiduciary could commit a breach of fiduciary duty". The court in the above case declared no claim was actionable under ERISA because the named defendants in that case performed only "ministerial" tasks.

In <u>Schmidt</u> the court stated:

> "…it goes without saying that a claim for breach of fiduciary duty lies only against an individual or entity that qualifies as an ERISA "fiduciary"… and to be a fiduciary the individual entity must exercise a degree of discretion over the management of the plan or its assets or with the administration of the plan itself…"

In <u>Mertens, Brandowski, Clarke & Franz v. Hewitt Associates</u>, 508 U.S. 248; 113 S. Ct. 2063; 124 L. Ed. 2d 161; (S. Ct. 1993) the Court found that

ERISA was not an actionable cause of action against an actuary who they considered to be a "non-fiduciary" to the plan.

The named defendants here are clearly not fiduciaries of the ERISA benefit "plan". They are fiduciaries of the petitioner.

It is the position of the Plaintiff that defendants herein clearly were not the fiduciaries of the benefit plan, which would bring this cause of action under ERISA. In fact, they are third parties who owed a fiduciary duty to plaintiff, not the plan.

As stated, in Schmidt, they exercise no discretionary management of the plan or administration of the plan. Their function is simply to accept the disability application and is totally ministerial in nature.

Numerous other Seventh Circuit cases have followed similar rationale. Robbins v. First American Bank of Virginia, 514 F. Supp. 1183 (N.D. IL 1981); Harris Trust and Savings Bank v. Provident Life and Accident Insurance Co., 854 F. Supp. 524 (N.D. IL 1994); Bolenbacher v. Helena Chem. Co., 934 F. Supp. 1015 (N.D. IN 1996); Keach v. U.F. Trust Co., 254 F. Supp. 2nd 1048 (C.D. IL 2003); Russo v. B&B Catering Inc., 209 F. Supp. 2nd 857 (N.D. IL 2002); Tegtmeier v. Midwest Operating Engineers Pension Trust Fund, 390 F. 3rd 1040 (7th Cir. 2004); Pohl v. National Ben Consultants, 956 Fed. 2nd 126 (7th Cir. 1992).

Here, the named defendants, employees of the corporation, were clearly not fiduciaries of the benefit plan. In fact, as indicated by the attached document (attached hereto, made a part hereof and designated as Exhibit "A") that at least three different individuals employed by the defendant refused to supply a copy of

the plan or even reveal its name. These independent tortious acts clearly interfered with plaintiff's contractual rights and plaintiff's common law state court cause of action requesting damages is clearly cognizable and said cause of action is not pre-empted by ERISA. ERISA only pre-empts cases where the named defendants are in fact fiduciaries of a plan, not a plaintiff. The named defendants here, who should have performed their simple ministerial function viciously refused to perform same.

If plaintiff's application for disability was processed and Mrs. Daugherty does not get what she feels is fair treatment under the plan, she then, and only then, would have a cause of action against the plan. Currently it would be manifestly improper to sue the "plan" itself, since that would be litigation against an entity that as yet has done no act, let alone an erroneous or malicious one.

The essence of this suit is against those individuals who directly, purposely and viciously prevented the plaintiff from accessing the mechanics of the plan itself, breached their duty to plaintiff and as such are liable in Tort for damages and interference with a third party contract.

If "ministerial acts" are sufficient to allow a defendant to escape liability under "ERISA", they are sufficient to allow a plaintiff to avoid litigation under "ERISA".

Plaintiff does not feel that the two district cases cited by the Defendant, which were Federal District Court cases are particularly binding on this Court in any fashion since a similar decision has not been reached by the Seventh Circuit Court of Appeals or any other Court of Appeals to the knowledge of Plaintiff.

That in the Honorable Judge Scott's Opinion of 31st day of October 2006 it was stated that amendments may be futile, and apparently inferring that the Plaintiff's remedies are restricted to the remedies set forth in ERISA, essentially holding that the ERISA Act itself becomes Plaintiff's pleadings and remedy.

Said findings do not withstand and Plaintiff feels it incumbent to preserve the issue for appeal and would request the Court to reconsider the prior arguments and prior cited cases based upon the new pleadings.

Alternatively, the Plaintiff feels that she has the right to request the Court to consider punitive damages, which although previously have not been allowed under ERISA have been expressly reserved by the Supreme Court for the "appropriate case", Kuntz v. Reese, 760 F.2d 926, 938 (9th Cir.1985); Rivero v. Thomas, 86 Cal.App.2d 225, 194 P.2d 533, 542 (1948) (punitive damages permitted against trustee who defrauded beneficiary); Sharts v. Douglas, 94 Ind.App. 201, 163 N.E. 109, 112 (1928) (en banc) (same); Gould v. Starr, 558 S.W.2d 755, 771 (Mo.App. 1977) (acknowledging majority rule but permitting punitive damages), cert. Denied, 436 U.S. 905, 98 S.Ct. 2236, 56 L.Ed.2d 403 (1978). The Restatement (Second) of Trusts supports this view. Section 205 provides:

> "If the trustee commits a breach of trust, he is chargeable with:
> 
> a) any loss or depreciation in value of the trust estate resulting from the breach of trust; or
> b) any profit made by him through the breach of trust; or
> c) any profit which would have accrued to the trust estate if there had been no breach of trust."

Restatement (Second) of Trusts Sec. 205 (1959); see also Id. Sec. 206

(providing same remedies for breach of duty of loyalty); 3 A. Scott, The Law of Trusts Secs. 205-206 (1967) (recognizing the three measures of recovery in Restatement (Second) Sec. 205).

Plaintiff feels that it is necessary to plead for punitive damages to preserve that issue.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order (1) denying Defendant's Motion to Strike and (2) allow Plaintiff's amended complaint to be granted based on the above reasoning and law set forth in the Amended Complaint and (3) Allow Plaintiff to proceed in State Court and on its state law claims. (4) Award any other relief which the Court deems proper.

Respectfully Submitted,

Dated: 11/9/06

By: s/Peter C. Drummond
Peter C. Drummond
DRUMMOND LAW LLC
703 W. Union, Suite 3
P.O. Box 130
Litchfield, IL 62056
Phone: 217/ 324-2323
Fax: 217/ 324-4474
drummondlaw@consolidated.net

**Certificate of Service**

I hereby certify that on November 9, 2006, I electronically filed Memorandum in Support of Plaintiff's Response to Defendant's Motion to Strike with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

Amy Blaisdell
Edward S. Bott
Julie L. Waters
Greensfelder, Hemker & Gale PC
Suite 2000
10 S. Broadway
St. Louis, IL  63102

                                             Respectfully submitted,
                                             s/Peter C. Drummond
                                             Peter C. Drummond,  #0680699
                                             Drummond Law LLC
                                             703 W. Union, Suite 3
                                             P.O. Box 130
                                             Litchfield, IL  62056
                                             Phone:  217/ 324-2323
                                             Fax:      217/ 324-4474
                                             drummondlaw@consolidated.net