IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:06-cv-03130-JES-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT REPORT OF PARTIES AND PROPOSED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 26(f), CDIL-LRs 16 and 26, and this Court's Order of February 16, 2007, an initial conference of the parties was held on Tuesday, February 20, 2007 with counsel for Plaintiff and counsel for Defendant participating.

**1.      Discovery**

**Plaintiff and Defendant have been unable to agree to the appropriateness and scope of discovery in this matter. As such, the parties' respective positions are set forth below.**

a.      Defendant's Position Regarding Discovery

This Court has ruled that the claims asserted in Plaintiff's Complaint are preempted by and governed by Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), because they are claims for benefits under an employee welfare benefit plan, which plan is governed by ERISA.  (See Opinions, E-filed as Doc. Nos. 11, 14, 21, 24).  The United States Supreme Court has held that a denial of benefits claim brought pursuant to 29 U.S.C. §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan.  If the plan does provide the administrator discretionary authority to determine eligibility for benefits, then the denial is reviewed under the arbitrary and capricious standard of review. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

The HealthWorks Plan provides discretionary authority and control to the claims payor to interpret the plan document and administer the operation of the plan, including determining eligibility for and amount of benefits. (Plan, p. 1). As such, the arbitrary and capricious standard of review applies.

This Court has held that the applicable standard of review and the scope of discovery go hand in hand. *See Regan v. First Unum Life Ins. Co.*, 39 F. Sup. 3d 1121, 1125-26 (C.D. Ill. 1999)("The Court believes that it has the authority to consider evidence not presented to the plan administrator **only if it is applying a de novo standard of review**, and even then it should do so sparingly.")(emphasis added). In *Regan*, the Court applied the arbitrary and capricious standard of review and therefore limited its review to the record that was before the administrator at the time the decision to deny benefits was made. *Id.* at 1126.

Because this action is governed by the arbitrary and capricious standard of review, Defendant submits that the Court's review should be limited to the record before Defendant when it made the decision to deny benefits. Defendant will produce the administrative record on **April 17, 2007**. No discovery beyond the administrative record should be permitted. Furthermore, Defendant submits that this case is exempt from the requirements of Fed. R. Civ. P. 26(a)(1) and 26(f) because this is "an action for review on an administrative record." 26(a)(1)(E)(i). By participating in the Rule 26(a) and Rule 26(f) disclosure and discovery conference requirements as ordered by the Court, Defendant does not waive its position that this is an action for review on a closed administrative record.

In the event that Plaintiff seeks discovery beyond the administrative record produced on April 17, 2007, Defendant proposes that Plaintiff file a motion for leave to conduct limited discovery no later than **May 30, 2007**. Defendant will respond to Plaintiff's motion on or before **June 30, 2007**.

948662v4

Defendant disputes all portions of Plaintiff's position regarding discovery as set forth below.

    b.  <u>Plaintiff's Position Regarding Discovery</u>

Plaintiff feels that Defendant's position is totally without merit. It is Plaintiff's position that the gist of the law is that the Defendant, through their local employees, refused to accept a disability application from the Plaintiff.

Since no application was taken obviously no application was processed. Since no application was processed there can be no administrative record when there was no administration.

The fact that the Defendant wants to produce the administrative record by April 17, 2007 is likewise without merit since there is no record to produce. The Defendant should be able to produce nothing much more rapidly than that. It should not take Defendant until April 17, 2007 to produce nothing. Plaintiff totally disagrees with all of Defendant's positions and assertions. Plaintiff feels that all the normal discovery provisions should apply in this claim and Plaintiff should not have to file a motion for leave to conduct discovery, nor limit discovery. Plaintiff contends that discovery should be allowed without motion and shall be concluded by **December 31, 2007.**

    2.  **Fed. R. Civ. P. 26(f)**

        a.  <u>Initial Disclosures</u>

Defendant believes this case is exempt from initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(E)(i), but Defendant will produce the administrative record no later than **April 17, 2007**.

Plaintiff believes that this case is not exempt from initial disclosures and proposes that both parties exchange initial disclosures no later than **April 17, 2007**.

    b.    <u>Subject and Nature of Discovery</u>

See Paragraphs 1(a) and 1(b) above.

    c.    <u>Limitations on Discovery</u>

See Paragraphs 1(a) and 1(b) above.

**3.**    <u>**Other Orders**</u>

    a.    <u>Amendment of Pleadings and/or Joinder of Additional Parties</u>

Defendant proposes that all motions which seek to name additional parties or amend the pleadings must be served and filed on or before **May 30, 2007**.

Plaintiff proposes that motions to name additional parties or amend pleadings should be completed on or before **December 31, 2007** because Plaintiff believes there may be information forthcoming in discovery that would necessitate amending pleadings or adding additional parties.

    b.    <u>Disclosure of Expert Witnesses</u>

As explained in Paragraph 1(a) above, Defendant takes the position that the administrative record in this case is closed, making discovery, including expert discovery, inappropriate. If the Court determines that a showing of good cause to admit discovery outside of the administrative record has been made, then the parties propose that that, pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiff shall name his expert witnesses on or before **July 16, 2007** and Defendant shall name its expert witness on or before **August 16, 2007**.

    c.    <u>Completion of Discovery</u>

As is explained in paragraph 1(a) above, Defendant takes the position that, absent a showing of good cause, the administrative record in this case is closed, making discovery inappropriate. If the Court determines that a showing of good cause to admit evidence outside of

the administrative record has been made, then Defendant proposes that all discovery should be completed on or before **December 31, 2007**.

As is explained in paragraph 1(b) above, Plaintiff takes the position that this case is not limited to the closed administrative record, and therefore discovery is appropriate. Plaintiff proposes that all discovery must be completed on or before **December 31, 2007**.

    d.    <u>Filing of Dispositive Motions</u>

The parties agree that all dispositive motions must be served and filed on or before **January 17, 2008**.

**4.**    **Other Matters Addressed Pursuant to Court Order**

    a.    <u>Need for Discovery or Disclosure of Electronically Stored Information</u>.

Defendant is taking steps to preserve any relevant information pertaining to Plaintiff's claim for benefits pursuant to Section 502(a)(1)(B) of ERISA. Plaintiff is likewise taking steps to preserve any information relevant to her claims in this lawsuit.

    b.    <u>Agreements for Asserting Claims of Privilege or Protection as Trial Preparation Material, after Inadvertent Production</u>.

The parties are in the process of preparing a proposed protective order to address claims of privilege or protection as trial preparation material after inadvertent production. Upon completion of this proposed protective order the parties will submit the proposed order to the Court for approval.

| DRUMMOND LAW OFFICE | GREENSFELDER, HEMKER & GALE, P.C. |
|---|---|
| By: /s/Peter C. Drummond<br>Peter C. Drummond   #0680699<br>703 W Union, Suite 3<br>PO Box 130<br>Litchfield, IL  62056<br>T:  217-324-2323<br>F:  217-324-4474<br>drummondlaw@consolidated.net | By: /s/ Edward S. Bott, Jr.<br>Edward S. Bott, Jr.    #3126866<br>Amy L. Blaisdell  #6276380<br>Julie L. Waters    #6276127<br>10 S. Broadway, Suite 2000<br>St. Louis, MO  63102<br>T:  314-241-9090<br>F:  314-241-3643<br>esb@greensfelder.com<br>apb@greensfelder.com<br>jlw@greensfelder.com |

## CERTIFICATE OF SERVICE

I certify that on February 28, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following:  Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL  62056.

/s/Edward S. Bott, Jr.