IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:06-cv-03130-JES-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO RECONSIDER

COMES NOW Defendant Brake Parts Inc.,[1] ("Defendant") by and through its undersigned counsel, and moves this Court to Reconsider its Order of February 15, 2007. In support of its Motion, Defendants states the following:

1.  On Friday, September 15, 2006, at 10:14 a.m., Defendant electronically filed its Answer to Plaintiff's Complaint. (E-filed as Document #15).

2.  Defendant answered only portions of Count I of the Complaint, and did not answer Counts II through IV at all, except to the extent those counts incorporated allegations which had been answered in Count I. In its Answer, Defendant also explained that it was only responding to certain of Plaintiff's allegations, because it had filed a Motion to Strike Plaintiff's state law claims, as well as Plaintiff's demand for a jury trial, contemporaneously with its Answer, as Plaintiff's claims had been found to be preempted by Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B).

3.  On Friday, September 15, 2006, at 10:23 a.m., Defendant electronically filed its Motion to Strike pursuant to Fed. R. Civ. P. 12(f). In the Motion to Strike, Defendant moved the Court to enter an Order: (1) striking all references to and requests for relief pursuant to state law

---

[1] Defendant is improperly named in the Complaint as Affinia Brake Parts, Inc. ("Brake Parts" or "Defendant").

from Count I of Plaintiff's complaint, (2) striking Counts II through IV in their entirety, and (3) striking Plaintiff's demand for a jury trial. (E-filed as Document #16).

4. On Friday, September 15, 2006, at 10:26 a.m., Defendant filed its Memorandum in Support of the Motion to Strike (E-filed as Document #17).

5. On Tuesday, October 31, 2006, in an Order denying a Motion to Amend the Complaint, which had been filed by Plaintiff, the Court noted that Plaintiff had never responded to Defendant's Motion to Strike. The Court granted Plaintiff leave to file a response to Defendant's Motion to Strike, noting that if Plaintiff failed to respond by November 13, 2006, then the Court would assume Plaintiff had no objection to Defendant's requests. (E-filed as Document #21).

6. On November 9, 2006, Plaintiff filed an Answer to Defendant's Motion to Strike. (E-filed as Doc. #23).

7. On Thursday, February 15, 2007, the Court issued an Order denying Defendant's Motion to Strike.

8. The Order appears to rest solely on the conclusion that Defendant filed its Answer _prior_ to filing its Motion to Strike pursuant to Fed. R. Civ. P. 12(f).

9. As is set forth above, Defendant's Answer and Motion to Strike were each electronically filed on September 15, 2006, just nine minutes apart. Defendant's Answer only responds to the allegations in the Complaint to the extent they are beyond the scope of Defendant's Motion to Strike. As such Defendant respectfully submits that its Motion to Strike was timely.

10. In any event, Defendant respectfully requests that the Court reconsider its motion to strike the jury trial demand pursuant to Fed. R. Civ. P. 39(a)(2), which permits the Court to

strike a jury trial demand <u>at any time</u> – either on its own initiative or by motion of a party – where there is no Constitutional or statutory right to a jury trial as in the present case.

11. Defendant incorporates by reference the Memorandum in Support of Defendant's Motion to Reconsider, which is being filed contemporaneously herewith.

12. Finally, Defendant requests that the Court extend the deadline for Defendant to file an Amended Answer to Plaintiff's Complaint until such time as the court has ruled on Defendant's Motion to Reconsider.

WHEREFORE, for all of the foregoing reasons, Defendant respectfully moves this Court to reconsider its Order of February 15, 2007 and to enter a new Order granting Defendant's Motion to Strike in its entirety. Alternatively, Defendant moves the court to reconsider its Order of February 15, 2007 and either construe Defendant's Motion to Strike the jury trial demand as one brought pursuant to Fed. R. Civ. P. 39(a)(2), or own the Court's own initiative find that there is no constitutional or statutory right to a jury trial on Plaintiff's claims, which are governed by ERISA.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/Amy L. Blaisdell
    Edward S. Bott   #3126866
    Amy L. Blaisdell  #6276380
    Julie L. Waters   #6276127
    10 S. Broadway, Suite 2000
    St. Louis, MO 63102
    T: 314-241-9090
    F: 314-241-3643
    esb@greensfelder.com
    apb@greensfelder.com
    jlw@greensfelder.com

## CERTIFICATE OF SERVICE

      I certify that on March 5, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following: Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL  62056.

      /s/Amy L. Blaisdell