IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:06-cv-03130-JES-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER

COMES NOW Defendant Brake Parts Inc.[1] ("Defendant") with its Memorandum in Support of Defendant's Motion to Reconsider the Court's Order of February 15, 2007.

### INTRODUCTION

The Court should reconsider its Order denying Defendant's Motion to Strike for two separate reasons. First, Defendant's Motion to Strike, was filed electronically – just minutes after Defendant filed its partial answer – and Defendant therefore submits that its motion was timely. Second and alternatively, even assuming *arguendo* that the Motion was untimely, the Court may reconsider Defendant's Motion to Strike the jury trial pursuant to Fed. R. Civ. P. 39(a)(2), which permits the Court, either on motion or on its own initiative, to strike a jury trial demand at any time, where there is no Constitutional or statutory right to a jury trial as in the present ERISA case.

### STATEMENT OF FACTS

On Friday, September 15, 2006, at 10:14 a.m., Defendant electronically filed its Answer to Plaintiff's Complaint. (E-filed as Document #15). Defendant answered only portions of Count

---

[1] Defendant Brake Parts Inc. is improperly named in the Complaint as Affinia Brake Parts, Inc. ("Brake Parts" or "Defendant").

I of the Complaint, and did not answer Counts II through IV at all, except to the extent those counts reincorporated allegations that had been answered in Count I. In its Answer, Defendant explained that it was only responding to certain of Plaintiff's allegations, because it had filed a Motion to Strike Plaintiff's state law claims and jury trial demand, contemporaneously with its Answer, as the Court had ruled that Plaintiff's claims were preempted by Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B).

On Friday, September 15, 2006, at 10:23 a.m., Defendant electronically filed its Motion to Strike. In the Motion to Strike, Defendant moved the Court to enter an Order: (1) striking all references to and requests for relief pursuant to state law from Count I of Plaintiff's complaint, (2) striking Counts II through IV in their entirety, and (3) striking Plaintiff's demand for a jury trial. (E-filed as Document #16). On Friday, September 15, 2006, at 10:26 a.m., Defendant filed its Memorandum in Support of the Motion to Strike (E-filed as Document #17).

On Tuesday, October 31, 2006, in an Order denying a Motion to Amend the Complaint, which had been filed by Plaintiff, the Court noted that Plaintiff had never responded to Defendant's Motion to Strike. The Court granted Plaintiff leave to file a response to Defendant's Motion to Strike, noting that if Plaintiff failed to respond by November 13, 2006, then the Court would assume Plaintiff had no objection to Defendant's requests. (E-filed as Document #21). On November 9, 2006, Plaintiff responded to Defendant's Motion to Strike. (E-filed as Doc. #23). On Thursday, February 15, 2007, the Court issued an Order denying Defendant's Motion to Strike.

## ARGUMENT

"Reconsideration of a court's ruling is not expressly authorized by the Federal Rules of Civil Procedure and is conducted at the discretion of the court. Courts have recognized that occasionally they misunderstand the parties and make errors of fact or of law. Parties should be

allowed to bring such errors to the court's attention to give the court the opportunity to correct them." **Cunningham v. Snap-On Tools Co.**, 2006 U.S. Dist. LEXIS 37724 at * 3 (S.D. Ill. 2006).

The United States District Court for the Central District of Illinois has explained, "A motion for relief from a judgment or order is governed by *Fed. R. Civ. P. 60(b)*. While the rule is geared toward those who are seeking relief from a judgment, it also provides guidance when a party is seeking relief from a Court order." **Deere & Co. v. Ohio Gear**, 2007 U.S. Dist. LEXIS 3960 (C.D. Ill. 2007). In this regard, Rule 60 provides, "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

As is briefly discussed above, in the instant case, the Court should reconsider its Order denying Defendant's Motion to Strike for two reasons. First, the Motion to Strike was timely. Second, the Court may – either on its own initiative or by upon a motion – strike a jury trial demand pursuant to Fed. R. Civ. P. 39(a)(2), where there is no Constitutional or statutory right to a jury trial.

With regard to the timeliness of Defendant's Motion to Strike, the Court's Order appears to rest solely on the conclusion that Defendant filed its Answer <u>prior</u> to filing its Motion to Strike pursuant to Fed. R. Civ. P. 12(f). As is set forth above, Defendant's Answer and Motion to Strike were each electronically filed on September 15, 2006, just nine minutes apart. Defendant's Answer <u>only</u> responds to the allegations in the Complaint to the extent they are beyond the scope of Defendant's Motion to Strike. As such, Defendant respectfully submits that the Motion to Strike was timely filed and was ripe for consideration of the Court. Moreover, Defendant will be prejudiced by the Court's denial of the Motion to Strike, because although the

Court has expressly held over and over again that Plaintiff's claims are preempted by ERISA (and did so once again in its February 15, 2007 Order), Plaintiff continues to assert that her claims are not governed by or preempted by ERISA. In fact, Plaintiff is now attempting to obtain unlimited discovery in this ERISA case, which is governed by the arbitrary and capricious standard of review, despite cases directly on point finding discovery inappropriate in an ERISA case governed by the arbitrary and capricious standard of review. **See, e.g. Regan v. First Unum Life Ins. Co**., 39 F. Supp. 3d 1121, 1125-26; **See also** Joint Report of Parties and Proposed Scheduling Order (E-Filed as Doc. No 25).

Alternatively, pursuant to Fed. R. Civ. P. 39(a), the Court may upon motion or upon its own initiative docket the trial as a non-jury action where the Court finds that a right of trial by jury does not exist under the Constitution or statutes of the United States. As was discussed in Defendant's Motion to Strike, this Court has long since held that there is no statutory or constitutional right to a jury trial on a Section 502(a)(1)(B) ERISA claim, 29 U.S.C. §1132(a)(1)(B). **See Brown v. Retirement Committee of the Briggs & Stratton Retirement Plan**, 797 F.2d 521, 526-28 (7th Cir. 1986) (citing **Wardle v. Central States, Southeast and Southwest Areas Pension Fund**, 627 F.2d 820 (7th Cir. 1980) (holding that there is no statutory right to a jury trial in an action for benefits under Section 502(a)(1)(B)); **see also Pruett v. Anthem Ins. Co.,** 2005 U.S. Dist. LEXIS 19458 (S.D. Ind. 2005).

Finally, the Defendant requests that the Court extend the deadline for Defendant to file an Amended Answer to Plaintiff's Complaint until such time as the court has ruled on Defendant's Motion to Reconsider.

WHEREFORE, for all of the foregoing reasons, Defendant respectfully moves this Court to reconsider its Order of February 15, 2007 and enter an order granting Defendant's Motion to Strike in its entirety. Alternatively, Defendant moves the court to reconsider Defendant's

Motion to Strike the jury trial demand pursuant to Fed. R. Civ. P. 39(a)(2), and either on Defendant's motion or the Court's own initiative, enter an order finding that there is no constitutional or statutory right to a jury trial and striking Plaintiff's demand for trial by jury.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/Amy L. Blaisdell
  Edward S. Bott    #3126866
  Amy L. Blaisdell  #6276380
  Julie L. Waters   #6276127
  10 S. Broadway, Suite 2000
  St. Louis, MO 63102
  T: 314-241-9090
  F: 314-241-3643
  esb@greensfelder.com
  apb@greensfelder.com
  jlw@greensfelder.com

**CERTIFICATE OF SERVICE**

I certify that on March 5, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following: Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL 62056.

/s/Amy L. Blaisdell