IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3130 |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant's Motion to Reconsider (d/e 26).  Defendant asks the Court to reconsider its Opinion, dated February 15, 2007 (d/e 24), which denied Defendant's Motion to Strike (d/e 16).  The Motion to Reconsider is allowed, in part, and denied, in part.

Defendant asks the Court to reconsider its finding that the Motion to Strike was untimely under Fed. R. Civ. P. 12(f), which requires such a motion to be filed by a party prior to responding to a pleading.  The Court declines to do so.   Defendant filed its Answer (d/e 15) prior to filing its Motion to Strike.  Defendant's Answer alternatively responded to all of the allegations of the Complaint.  Defendant fails to identify a basis to justify

1

reconsideration of this Court's prior ruling on the Rule 12(f) issue.[1]

However, the Motion to Reconsider raises Fed. R. Civ. P. 39(a)(2) as an additional basis to strike Plaintiff's jury trial demand. Plaintiff does not respond to this argument. Under Rule 39(a), the Court may, on its own initiative, negate a Plaintiff's jury demand if it finds "that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." Fed. R. Civ. P. 39(a)(2). As this Court has previously held, Plaintiff's claims fall within the scope of § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1971 (ERISA). See Opinion, dated August 14, 2006 (d/e 11); 29 U.S.C. § 1132(a)(1)(B). It is well-established in this Circuit that there is no right to a jury trial in § 502(a)(1)(B) ERISA cases. See Brown v. Retirement Committee of Briggs & Stratton Retirement Plan, 797 F.2d 521, 527 (7th Cir. 1986). Therefore, Plaintiff's jury demand is stricken.

The Court notes that Plaintiff, in her Memorandum in Support of Plaintiff's Response to Defendant's Motion to Reconsider (d/e 31), asserts

---

[1] Defendant asserts that Plaintiff is improperly attempting to obtain unlimited discovery, which is unavailable in the ERISA context. This issue is properly raised in the Parties' Report of Rule 26(f) Planning Meeting (d/e 25), and will be left to Magistrate Judge Evans for determination.

that her Amended Complaint cures any deficiencies. Plaintiff does not have an Amended Complaint pending before this Court. Once again, to the extent Plaintiff seeks reconsideration of this Court's October 31, 2006 Opinion (d/e 21), denying her request to amend her complaint, Plaintiff fails to identify any reason to justify reconsideration. To the extent Plaintiff seeks leave to file a new amended complaint, such application should be made by motion, accompanied by a copy of the proposed amended complaint. See Fed. R. Civ. P. 7(b)(1).

THEREFORE, the Motion to Reconsider (d/e 26) is ALLOWED, in part, and DENIED, in part. Plaintiff's jury demand is stricken. The Motion is denied in all other respects. Defendant states that it wishes to file an amended answer. It may do so on or before April 30, 2007. The matter is referred to Magistrate Judge Evans for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER: April 11, 2007.

FOR THE COURT.

                                                  s/ Jeanne E. Scott
                                                    JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE