IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FRANCES L. DAUGHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 3:06-cv-03130-JES-CHE |
| | ) | |
| v. | ) | |
| | ) | |
| AFFINIA BRAKE PARTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT</u>**

COMES NOW Brake Parts Inc., improperly named in the Complaint as Affinia Brake Parts, Inc. ("Brake Parts" or "Defendant"), by and through counsel, and for its Amended Answer and Affirmative Defenses to Plaintiff's Complaint states as follows:

**<u>COUNT I – DECLARATORY JUDGMENT</u>**

Defendant affirmatively states that Count I is preempted by Section 502(a)(1)(B) of the Employee Retirement Income Security Act, 29 U.S.C. 1132(a)(1)(B).

1.      Defendant admits that Plaintiff is an individual capable of suing as is alleged in Paragraph 1 of Plaintiff's Complaint, but specifically denies that Plaintiff is entitled to bring any claim for disability benefits under Illinois state law.  Defendant denies each and every remaining allegation contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits that it is a corporation registered to transact business in the State of Illinois and further admits that its eligible employees did at times participate in employee benefit plans.  Defendant denies that the document attached to the Complaint and marked Exhibit A is the employee benefit plan, which governs Plaintiff's claim for disability benefits asserted in this lawsuit.  Defendant affirmatively states that the employee welfare

benefit plan which governs Plaintiff's claim for benefits, was filed with Defendant's Notice of Removal as Attachments 3, 4 and 5 (marked C-1, C-2 and C-3). Defendant denies each and every remaining allegation contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that the HealthWorks Plan provided a short-term and long-term disability benefit for eligible participants. Defendant specifically denies that Plaintiff was eligible for short-term or long-term disability benefits under the terms of the HealthWorks Plan. Defendant denies each and every remaining allegation contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that Plaintiff was terminated from employment and that her last day worked was January 20, 2005 but denies each and every remaining allegation contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits that it received letters from Peter C. Drummond. The letters are in writing and speak for themselves. Defendant denies each and every remaining allegation contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint, and further denies the allegations contained in each of Paragraph 15's constituent subparts.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

Defendant further Answers Plaintiff's requests for relief contained in the Wherefore clause of Count I as follows:

A. Defendant admits that this Court has the authority to construe the terms of the applicable employee welfare benefit plan and determine whether Plaintiff is eligible for benefits pursuant to Section 502(a)(1)(b) of ERISA, 29 U.S.C. Section 1132(a)(1)(B). Defendant specifically denies that Plaintiff is eligible for benefits pursuant to the terms of the applicable employee welfare benefit plan, know as the "HealthWorks Plan".

B.   Defendant denies that this Court may enter a declaratory judgment in accordance with 735 ILCS 5/2-201 and specifically states that the relief requested in Paragraph B is preempted by the exclusive remedies set forth in Section 502(a)(1)(B) of ERISA, 29 U.S.C. 1132(a)(1)(B).

C.   Defendant admits that this Court has the authority to construe the terms of the HealthWorks Plan and determine whether Plaintiff is eligible for benefits pursuant to Section 502(a)(1)(b) of ERISA, 29 U.S.C. Section 1132(a)(1)(B).  Defendant specifically denies that Plaintiff is eligible for benefits pursuant to the terms of the HealthWorks Plan.

D.   Defendant denies that Plaintiff is entitled to attorneys fees and costs.

**COUNT II – 215 ILCS 5/155(1)**

Defendant affirmatively states that Count II is preempted by Section 502(a)(1)(B) of the Employee Retirement Income Security Act, 29 U.S.C. 1132(a)(1)(B).

1 – 17.   To the extent that Plaintiff seeks to reassert the allegations set forth in paragraphs 1 through 17 of Plaintiff's Complaint, Defendant incorporates its answers as if fully set forth herein.

18.   Defendant admits that it has been provided with relevant information concerning Plaintiff's claim for benefits and further admits that it has knowledge of the circumstances concerning the termination of Plaintiff's employment and benefits.  Except as so admitted, Defendant denies each and every remaining allegation contained in Count II, paragraph 18 of the Complaint.

19.   Defendant denies the allegations contained in paragraph 19 of the Complaint. Defendant denies each and every remaining allegation contained in Paragraph 1 of Plaintiff's Complaint.

Defendant denies each and every allegation contained in the WHEREFORE Clause of Count II of Plaintiff's Complaint.

### COUNT III – COMPENSATORY & PUNITIVE DAMAGES

Defendant affirmatively states that Count III is preempted by Section 502(a)(1)(B) of the Employee Retirement Income Security Act, 29 U.S.C. 1132(a)(1)(B).

1 – 17.    To the extent that Plaintiff seeks to reassert the allegations set forth in paragraphs 1 through 17 of Plaintiff's Complaint, Defendant incorporates its answers as if fully set forth herein.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint.

Defendant denies each and every allegation contained in the WHEREFORE Clause of Count III of Plaintiff's complaint.

### COUNT IV – TORTIOUS INTERFERENCE

Defendant affirmatively states that Count IV is preempted by Section 502(a)(1)(B) of the Employee Retirement Income Security Act, 29 U.S.C. 1132(a)(1)(B).

1 – 17.    To the extent that Plaintiff seeks to reassert the allegations set forth in paragraphs 1 through 17 of Plaintiff's Complaint, Defendant incorporates its answers as if fully set forth herein.

18.    Defendant admits that during the relevant time period it did employ various personnel including Stephen Ritchie, Rick Lineau, and Steven Keller.  Defendant denies each and every remaining allegation contained in Count IV, paragraph 18 of the complaint.

19.    Defendant denies the allegations contained in Count IV, paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Count IV, paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Count IV, paragraph 21, of the Complaint.

22. Defendant denies the allegations contained in Count IV, paragraph 22 of the Complaint.

Defendant denies each and every allegation contained in the WHEREFORE Clause of Count IV of Plaintiff's complaint.

**AFFIRMATIVE DEFENSES**

1. Further answering and by way of further affirmative defense, hypothetically and alternatively, Defendant states that Plaintiff's Complaint fails to state a claim against it upon which relief can be granted.

2. Further answering and by way of further affirmative defense, hypothetically and alternatively, Defendant is not a proper party.

3. Further answering and by way of further affirmative defense, hypothetically and alternatively, the decision to deny benefits was supported by substantial evidence.

4. Further answering and by way of further affirmative defense, hypothetically and alternatively, Plaintiff has failed to exhaust her administrative remedies.

5. Further answering and by way of further affirmative defense, hypothetically and alternatively, Plaintiff is not entitled to relief pursuant to the terms of the HealthWorks Plan, which provides in part:

**SHORT TERM DISABILITY (STD)**

Dana[1] provides you with a Short-Term Disability Supplemental benefit or 70% of your base annual pay at no cost to you. **Short-term disability replaces a portion of your salary if you become unable to work due to an illness, injury, disease or pregnancy.**

**LONG-TERM DISABILITY (LTD)**

**Definition of Total Disability or Totally Disabled**

The terms TOTALLY DISABLED OR TOTAL DISABILITY are defined as a disability that wholly prevents you from engaging in any and every gainful occupation for which you are reasonably qualified by education, training or experience, and you cannot earn a living through any other means.

If your disability prevents you from performing any and every duty of an occupation or employment for which you're reasonably qualified by education, training or experience, once the CLAIMS PAYOR receives all necessary claim documentation, you'll be paid long-term disability benefits after the QUALIFYING DISABILITY PERIOD.

Through the first six (6) months following the expiration of your Short-Term Disability benefits, if you do not satisfy the definition as provided above, you still may be considered TOTALLY DISABLED for purposes of HEALTHWORKS if your disability wholly prevents you from performing the duties associated with the position you held immediately prior to the disability, or the duties of any other position available at the same facility for which you are reasonably qualified by education, training or experience.

**SEPARATION**

If you're separated from employment and entitled to separation benefits, your coverages **(except Short-Term disability and Long-term disability)** continue for as long as you receive separation pay and pay your premium in a timely manner. Coverage will end when you exhaust your separation pay, or when you fail to pay your share (if any) of the cost of your benefits.

---

[1] Brake Parts Inc. was purchased from Dana Corporation by AAG OPCO in November 2004. AAG OPCO Corp. was subsequently renamed Affinia Group Inc. The HealthWorks Plan remained in effect through December 31, 2005.

**WHEN DOES MY COVERAGE END?**

Your coverage ends on the earliest of the following events:

- the date your employment with Dana terminates, except as described in the special circumstances shown in the previous pages;
- end of the period covered by your last payment for the coverage;
- the date you're no longer an eligible employee;
- the date the coverage is no longer provided; or
- the date the insurance policy for insured coverages terminates.

6.  Further answering and by way of further affirmative defense, hypothetically and alternatively, Plaintiff is not entitled to relief pursuant to the terms of the HealthWorks Plan because Plaintiff was terminated from employment and her last day worked was January 20, 2005, which date was prior to her alleged date of disability.

7.  Further answering and by way of further affirmative defense, hypothetically and alternatively, Plaintiff is not entitled to relief pursuant to the terms of the HealthWorks Plan because Plaintiff had been terminated and was receiving separation benefits as of the date of her alleged disability.

8.  Further answering and by way of further affirmative defense, hypothetically and alternatively, Plaintiff's claims are barred by the doctrine of laches, estoppel, and waiver.

9.  Further answering and by way of further affirmative defense, hypothetically and alternatively, Plaintiff has waived and released all claims against Defendant.

10. Further answering and by way of further affirmative defense, hypothetically and alternatively, all of Plaintiff's state law claims are preempted in their entirety by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. (ERISA). Plaintiff must bring claims challenging the decision to deny benefits under the Policies pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B), and can recover, if any amount, only such relief provided

under ERISA, 29 U.S.C. § 1132(a)(1)(B). ERISA does not allow for recovery of extra contractual or punitive damages.

11. Further answering and by way of further affirmative defense, Plaintiff is not entitled to a jury trial under Section 502(a)(1)(B), and Plaintiff's demand for a jury trial has been stricken.

12. Further answering and by way of further affirmative defense, hypothetically and alternatively, Defendant owes Plaintiff no fiduciary duty.

13. Defendant reserves the right to assert additional defenses as they may appear.

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By: /s/Amy L. Blaisdell
Edward S. Bott     #3126866
Julie L. Waters    #6276127
Amy L. Blaisdell   #6276380
10 S. Broadway, Suite 2000
St. Louis, MO 63102
T: 314-241-9090
F: 314-241-3643
esb@greensfelder.com
jlw@greensfelder.com
apb@greensfelder.com

ATTORNEYS FOR DEFENDANT
BRAKE PARTS INC., IMPROPERLY
NAMED IN THE COMPLAINT AS
"AFFINIA BRAKE PARTS, INC."

**CERTIFICATE OF SERVICE**

I certify that on April 30, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following: Peter C. Drummond, Drummond Law Office, 703 W. Union, Suite 3, Litchfield, IL 62056.

/s/Amy L. Blaisdell

948667v1

9