IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| FRANCES L. DAUGHERTY,              ) <br> ) <br> Plaintiff,        ) <br> ) <br> v.                                  ) <br> ) <br> AFFINIA BRAKE PARTS, INC.,      ) <br> ) <br> Defendant.       ) | Cause No. 3:06-cv-03130-JES-CHE |

**JOINT REPORT OF PARTIES AND PROPOSED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 26(f), CDIL-LRs 16 and 26, and this Courts Order of April 12, 2007, an initial conference of the parties was held on Tuesday, May 8, 2007 with counsel for Plaintiff and counsel for Defendant participating.

**1.    Discovery**

**Plaintiff and Defendant have been unable to agree to the appropriateness and scope of discovery in this matter.  As such, the parties' respective positions are set forth below.**

   a.    Defendant's Position Regarding Discovery

This Court has ruled that the claims asserted in Plaintiff's Complaint are preempted by and governed by Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), because they are claims for benefits under an employee welfare benefit plan, which plan is governed by ERISA.  (See Opinion, E-filed as Doc. Nos. 11, 14, 21, 24).  The United States Supreme Court has held that a denial of benefits claim brought pursuant to 29 U.S.C. §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the plan gives the administrator discretionary authority to determine eligibility for benefits or to

construe the terms of the plan. If the plan does provide the administrator discretionary authority to determine eligibility for benefits, then the denial is reviewed under the arbitrary and capricious standard of review. *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989).

The HealthWorks Plan provides discretionary authority and control to the claims payor to interpret the plan document and administer the operation of the plan, including determining eligibility for and amount of benefits. (Plan, p. 1). As such, the arbitrary and capricious standard of review applies.

This Court has held that the applicable standard of review and the scope of discovery go hand in hand. *See Regan v. First Unum Life Ins. Co.,* 39 F. Sup. 3d 1121, 1125-26 to the plan administrator **only if it is applying a de novo standard of review**, and even then it should do so sparingly.")(emphasis added). In *Regan*, the Court applied the arbitrary and capricious standard of review and therefore limited its review to the record that was before the administrator at the time the decision to deny benefits was made. *Id.* at 1126.

Because this action is governed by the arbitrary and capricious standard of review, Defendant submits that the Court's review should be limited to the record before Defendant when it made the decision to deny benefits. Defendant will produce the administrative record on **June 5, 2007**. No discovery beyond the administrative record should be permitted. Furthermore, Defendant submits that this case is exempt from the requirements of Fed. R. Civ. P. 26(a)(1) and 26(f) because this is "an action for review on an administrative record." 26(a)(1)(E)(i). By participating in the Rule 26(a) and Rule 26(f) disclosure and discovery conference requirements as ordered by the

2

Court, Defendant does not waive its position that this is an action for review on a closed administrative record.

In the event that Plaintiff seeks discovery beyond the administrative record produced on June 5, 2007, Defendant proposes that Plaintiff file a motion for leave to conduct limited discovery no later than **June 26, 2007.** Defendant will respond to Plaintiff's motion on or before **July 10, 2007.**

Defendant disputes all portions of Plaintiff's position regarding discovery as set forth below.

    b.    <u>Plaintiff's Position Regarding Discovery</u>

Plaintiff feels that Defendant's position is totally without merit. It is Plaintiff's position that the gist of the law is that the Defendant, through their local employees, refused to accept a disability application from the Plaintiff.

Since no application was taken obviously no application was processed. Since no application was processed there can be no administrative record when there was no administration.

Plaintiff totally disagrees with all of Defendant's positions and assertions. Plaintiff feels that all the normal discovery provisions should apply in this claim and Plaintiff should not have to file a motion for leave to conduct discovery, nor limit discovery. Plaintiff contends that discovery should be allowed without motion and shall be concluded by **January 31, 2008**. In the event this Court decides Plaintiff is required to file a motion for leave to conduct discovery that it must be filed no later than **August 1, 2007**. Defendant will respond to Plaintiff's motion by **September 1, 2007**.

**2.    Fed. R. Civ. P. 26(f)**

a.    Initial Disclosures

Defendant believes this case is exempt from initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(E)(i), but Defendant will produce the administrative record no later than **June 5, 2007**.

Plaintiff believes that this case is not exempt from initial disclosures and proposes that both parties exchange initial disclosures no later than **July 1, 2007**, so Plaintiff may have time to review the administrative record after it is filed.

c.    Subject and Nature of Discovery

As is explained in paragraph 1(a) above, Defendant takes the position that, absent a showing of good cause, the administrative record in this case is closed, making discovery inappropriate. If the Court determines that a showing of good cause to admit evidence outside of the administrative record has been made, then Defendant proposes that all discovery should be completed on or before **January 31, 2008**.

d.    Filing of Dispositive Motions

The parties agree that all dispositive motions must be served and filed on or before **February 21, 2008**.

**4.    Other Matters Addressed Pursuant to Court Order**

a. Need for Discovery or Disclosure of Electronically Stored Information

Defendant is taking steps to preserve any relevant information pertaining

4

to Plaintiff's claim for benefits pursuant to Section 502(a)(1)(B) of ERISA.  Plaintiff is likewise taking steps to preserve any information relevant to her claims in this lawsuit.

      b.    <u>Agreements for Asserting Claims of Privilege or Protection as Trial Preparation Material, after Inadvertent Production</u>

        (i)    <u>Defendant's Position</u>

Defendant proposes to prepare a proposed protective order to address claims of privilege or protection as trial preparation material after inadvertent production on or before May 22, 2007.

        (ii)    <u>Plaintiff's Position</u>

Plaintiff believes that this is a public matter and there is nothing to protect and nothing that is privileged.  Plaintiff believes this matter should remain public and no protective order is necessary.

      c.    <u>Settlement Conference</u>

The parties hereby request a Settlement Conference to be held before the Honorable Charles H. Evans, pursuant to Local Rule 16.4.

| DRUMMOND LAW OFFICE | GREENSFELDER, HEMKER & GALE, P.C. |
|---|---|
| By: s/Peter C. Drummond | By: s/Amy L. Blaisdell |
| Peter C. Drummond   #0680699 | Edward S. Bott, Jr.  #3126866 |
| 703 W. Union Avenue, Suite 3 | Amy L. Blaisdell     #6276380 |
| PO Box 130 | 10 S. Broadway, Suite 2000 |
| Litchfield, IL  62056 | St. Louis, MO  63102 |
| T:  217-324-2323 | T:  314-241-9090 |
| F:  217-324-4474 | F:  314-241-3643 |
| drummondlaw@consolidated.net | esb@greensfelder.com |
| | apb@greensfelder.com |

**CERTIFICATE OF SERVICE**

    I certify that on May 16, 2007, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on the following:
Edward S. Bott, Jr./Amy L. Blaisdell, Greensfelder, Hemker & Gale, P.C., 10 S. Broadway, Suite 2000, St. Louis, MO  63102


          s/Peter C. Drummond_____